FRANK HENRY WALLEY AND ANNABELLE LILLIAN WALLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walley v. Commissioner
Docket No. 13070-80.
United States Tax Court
T.C. Memo 1985-102; 1985 Tax Ct. Memo LEXIS 533; 49 T.C.M. (CCH) 904; T.C.M. (RIA) 85102; March 6, 1985. Richard Elliott, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Fred R. Tansill, for hearing on respondent's motion for summary judgment, pursuant to section 7456(c) of the Code [1] and Rule 180, Tax Court Rule of Practice and Procedure. The Court agrees with and adopts his opinion which is set forth below. *534 OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined a deficiency of $4,252.26 in petitioners' 1976 Federal income tax. This case was called from the calendar at Washington, D.C., on July 6, 1983, for hearing on respondent's motion for summary judgment filed on March 11, 1983. The sole issue [2] for our decision is whether petitioners are entitled to an educational expense deduction under section 162 for flight-training expenses for which Frank H. Walley (petitioner) received nontaxable reimbursement from the Veterans Administration (VA). FINDINGS OF FACT Petitioners resided in Honolulu, Hawaii during the taxable year and at the time of filing their petition in this Court. During 1976, petitioner was employed as an air carrier operations inspector by the Federal Aviation Administration. On April 20, 1976, petitioner applied for and enrolled in a flight-training course at Stapleton International Airport in Denver, *535 Colorado. Petitioner incurred educational expenses of $11,889.00 in connection with this training. Because of previous United States Air Force service, petitioner was eligible for veterans' benefits pursuant to 38 U.S. section 1677 (1976). Petitioner received $9,912.60 as reimbursement for a portion of the flight-training expenses. On his 1976 Federal income tax return, petitioner claimed an educational expense deduction in the amount of $11,889. In his statutory notice of deficiency, respondent disallowed this deduction in full, but now concedes that petitioner is entitled to a deduction in the amount of $1,976.40. The amount still in dispute is $9,912.60. OPINION Rule 121 provides that a party may move for summary judgement on all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The determinations made by respondent in his notice of deficiency are presumed correct; the burden of proof, therefore, is on petitioner to show *536 that those determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142 (a). In a court-reviewed opinion in Manocchio v. Commissioner,78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), this Court held that section 265 prohibits the deduction of VA reimbursed flight-training expenses. The Ninth Circuit affirmed on the issue but based its conclusion on the fact that a reimbursed expense is not deductible under section 162(a). The material facts in this case are indistinguishable from those involved in Manocchio; therefore, that case is dispositive against petitioners' claim. In following the authority of the Manocchio case, supra, we are not unaware that the Eleventh Circuit has, in the recent decision of Baker v. United States,748 F.2d 1465 (11th Cir. 1984), reached a result different from that reached by this Court and by the Ninth Circuit on this issue. Additionally, the Third Circuit has, in the recent decision of Becker v. Commissioner,751 F.2d 146 (3d Cir. 1984), remanded a Memorandum *537 Opinion of this Court, to decide whether the Commissioner abused his discretion in applying Rev. Rule 80-173 retroactively to taxpayer in violation of his right to equal treatment in the application of the tax laws. This Court ruled against the taxpayer on this issue in Manocchio.
We note, however, that venue for appeal in this case would lie in the Ninth Circuit and, therefore, relying upon Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we will follow our policy of adhering to the rule of the circuit to which venue would apply. To reflect the foregoing, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioners did not contest other adjustments made by respondent and they are accordingly deemed conceded.↩