Adolph B. CANELO III and Sally M. Canelo, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Thomas J. KANE, Jr., and Kathryn H. Kane, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Nos. 26157, 26158.

United States Court of Appeals,
Ninth Circuit.

Aug. 11, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Hart H. Spiegel (argued), Thomas Silk, Jr., of Brobeck, Phleger & Harrison, San Francisco, Cal., for appellants.

William Friedlander (argued), K. Martin Worthy, Chief Counsel, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and GOODWIN, District Judge.*

PER CURIAM:

These consolidated appeals challenge the Tax Court's decision that a law partnership on a cash basis may not deduct as ordinary and necessary business expenses the various litigation costs advanced for clients on contingent-fee cases in which the advances are to be repaid from the amount recovered for the client. The opinion of the Tax Court is reported at 53 T.C. 217 (1970).

The Tax Court held that the advances were in the nature of loans, citing Burnett v. Commissioner of Internal Revenue, 356 F.2d 755 (5th Cir. 1966), cert. den. 385 U.S. 832, 87 S.Ct. 77, 17 L.Ed.2d 68 (1966).

In Hearn v. Commissioner of Internal Revenue, 309 F.2d 431 (9th Cir. 1962), cert. den. 373 U.S. 909, 83 S.Ct. 1299, 10 L.Ed.2d 411 (1963), we held that uncollected litigation expenses could not be deducted under Section 162 of the Internal Revenue Code of 1954 in the year of the expenditure because they might later be recovered. We also held that such advances could not be treated as bad debts until they became worthless. In the case at bar, the Tax Court found that the law firm expected to be repaid, and, in fact, in most cases was repaid by its clients. Under the usual methods of accounting, such transactions are treated as loans.

The decision of the Tax Court is consistent with the cited cases and with the Congressional intent expressed in Section 162.

Affirmed.