**William L. BECKER Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE Appellee.**

No. 83–5062.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) July 19, 1984.

Decided Dec. 28, 1984.

As Amended Jan. 4, 1985.

William L. Becker, pro se.

George M. Sellinger, Internal Revenue Service, Washington, D.C., Gilbert S. Rothenberg, Michael L. Paup, Laurie A. Snyder, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellee.

Before SEITZ, BECKER and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

### I.

William L. Becker (taxpayer) appeals from a decision of the United States Tax Court retroactively disallowing his deduction, as a business expense, of the full cost of a commercial flight training course for which he also had received a tax-exempt educational assistance allowance equal to 90 percent of his expenditures from the Veterans' Administration.

## II. Facts

The facts of the case were stipulated at trial by the parties. Taxpayer is a veteran of the U.S. armed forces. During 1976 and 1977 he was employed as a DC–9 pilot for Eastern Airlines. To maintain and improve his aviation skills, he enrolled in a Lear jet flight training course offered by Midwest Aviation. The total cost of the tuition and fees for the course was $12,250. Taxpayer paid $6,150 of this amount in 1976 and the remaining $6,100 in 1977. Because of his previous military service taxpayer was eligible to receive an educational assistance allowance from the Veterans' Administration for flight training necessary for the attainment of a recognized vocational objective. The Veterans' Administration approved taxpayer's application for a tax-exempt allowance equal to 90 percent of the tuition expenses as provided under 38 U.S.C. § 1677 (1976) (repealed 1981).[1] He subsequently received $5,535 in 1976 and $5,490 in 1977 from the Veterans' Administration as direct reimbursement for expenditures related to the course. Taxpayer's out-of-pocket expenses for the flight training, therefore, equaled $615 in 1976 and $610 in 1977.

On his 1976 and 1977 federal income tax returns, taxpayer excluded the Veterans' Administration payments from income under 38 U.S.C. § 3101(a) (1976).[2] He also claimed "employee business expense" deductions of $6,150 and $6,100 respectively under I.R.C. § 162(a) (1976).[3]

At the time taxpayer filed his income tax returns, Internal Revenue Service ("I.R.S.") Revenue Ruling 62–213 and I.R.S. Publication No. 17, entitled "Your Federal Income Tax," stated that deductions for educational expenses incurred by veterans need not be reduced by the amount of any nontaxable educational benefits received during the taxable year from the Veterans' Administration. Rev.Rul. 62–213, 1962–2 Cum.Bull. 59, *revoked by* Rev.Rul. 83–3, 1983–1 Cum.Bull. 72; 1977 I.R.S. Publication No. 17. Taxpayer claims that he relied on the 1962 Revenue Ruling and the 1977 I.R.S. pamphlet when preparing his returns.

I.R.S. agents audited taxpayer's 1976 and 1977 returns twice, once in New Jersey and later in Texas where taxpayer's real estate interests were located. Referring to the second audit, taxpayer averred that "after one month of investigation, [he] received written notice that the expenses were valid, and the case was again closed."

In 1980, the I.R.S. issued Revenue Ruling 80–173 which purported to "distinguish and clarify" Revenue Ruling 62–213. Revenue Ruling 80–173, 1980–2 Cum.Bull. 60. In the 1980 ruling the I.R.S. announced that flight training expenses for which veterans are reimbursed under 38 U.S.C. § 1677 (1976) are not also deductible because "the taxpayer suffers no economic detriment and incurs no expense in making the expenditure to the extent of the reimbursement."

As a result of the retroactive application of the 1980 ruling pursuant to I.R.C. § 7805(b) (1976),[4] taxpayer's returns were audited for the third time and the I.R.S. assessed a deficiency against him in the amounts of $2,578 and $2,884 for the years 1976 and 1977.

1. 38 U.S.C. § 1677 (1976) permitted eligible veterans to receive an educational assistance allowance for a portion of the expenses incurred for approved flight training courses related to the veteran's vocation. *Id.* It was repealed in 1981 by the Omnibus Budget Reconciliation Act. Sec. 2003, P.L. 97–35, 95 Stat. 357, 782.

2. 38 U.S.C. § 3101(a) (1976) provides an umbrella exemption for a broad range of veterans' benefits including disability payments, family support allowances, insurance proceeds and educational assistance. *Id.*

3. I.R.C. § 162(a) (1976) allows the deduction of "ordinary and necessary expenses paid or incurred during the taxable year."

4. I.R.C. § 7805(b) (1976) states that "The Secretary or his delegate may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect." *Id.*

Representing himself, taxpayer challenged the deficiency in the Tax Court. He claimed that the I.R.S., having twice allowed the deductions, was estopped from "chang[ing] the rules after the game has been played." To support this claim he alleged that he relied to his detriment on the 1962 Revenue Ruling then still in effect and took the course expecting that "the cost of the training would be a legitimate deduction."

Citing *Manocchio v. Commissioner*, 78 T.C. 989 (1982), *aff'd* 710 F.2d 1400 (9th Cir.1983), the Tax Court upheld the determination of the I.R.S. that I.R.C. § 265(1) (1976) [5] prohibited the deduction of the reimbursed portion of the flight training expenditures. Although the Tax Court appreciated taxpayer's frustration at being assessed a deficiency after I.R.S. agents had examined his returns and permitted him to claim the deductions, it nevertheless found that the I.R.S. was not estopped from retroactively disallowing the deductions. The taxpayer appealed.

■■■ We begin by noting the appropriate standard of review. The Commissioner's decision whether or not to give retroactive effect to a regulation or ruling relating to internal revenue laws is reviewable for abuse of discretion. *Dixon v. U.S.*, 381 U.S. 68, 75, 85 S.Ct. 1301, 1305, 14 L.Ed.2d 223 (1965); *Automobile Club of Michigan v. Commissioner*, 353 U.S. 180, 184, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1957). The taxpayer bears the ultimate burden of proving, by the preponderance of the evidence, that a particular assessment is erroneous. *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935); *Sullivan v. U.S.*, 618 F.2d 1001, 1008 (3d Cir.1980); *Demkowicz v. Commissioner*, 551 F.2d 929, 931 (3d Cir.1977). In addition *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and the allegations contained therein are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### III.

We first address taxpayer's argument that the Commissioner should be estopped from giving retroactive effect to Revenue Ruling 80–173, adopted pursuant to I.R.C. § 7805(b). Taxpayer contends that while the I.R.S. has the power to apply revenue rulings retroactively, the agency should be estopped from doing so with respect to flight training deductions because the scale of equities tips so heavily in his favor. He claims that the I.R.S.'s initial allowance of the business deductions, its sudden repudiation in 1980 of a longstanding policy embodied in a well-publicized 1962 revenue ruling, and its disregard for its own operating procedures all work to estop the retroactive assessment of a tax deficiency against him.

The I.R.S. defines a revenue ruling as "an official interpretation by the Service which has been published in the Internal Revenue Bulletin." Rev.Proc. 67–1, 1967–1 Cum.Bull. 544–555. The introduction to each issue of the Internal Revenue Bulletin states that "Revenue Rulings and Revenue Procedures do not have the force and effect of Treasury Department Regulations ... but are published to provide precedents to be used in the disposition of other cases and may be cited and relied upon for that purpose." The Supreme Court has held that such rulings are administrative in nature and do not have the force of law although they may be useful in discerning precedent and in interpreting the Internal Revenue Code and regulations. *Dixon v. U.S.*, 381 U.S. 68, 73, 85 S.Ct. 1301, 1304, 14 L.Ed.2d 223 (1965). *See also Washington State Dairy Products Comm'n v. U.S.*, 685 F.2d 298, 300 (9th Cir.1982); *Redwing Carriers, Inc. v. Tomlinson*, 399 F.2d 652, 657 (5th Cir.1968).

To encourage taxpayers to "rely upon such rulings in determining the rule applicable to their own transactions" the I.R.S. has reassured taxpayers that "Revenue Rulings published in the Internal Revenue Bulletin ordinarily are not revoked or modi-

---

5. I.R.C. § 265(1) (1976) prohibits the deductions of expenses allocable to tax exempt income. *Id.*

fied retroactively." *Id.* The I.R.S. Revenue Procedures, however, caution that a ruling may be modified or revoked retroactively "at any time" unless "the Commissioner or his delegate exercises the discretionary power under section 7805(b) of the Code to limit the retroactive application of the ruling." Rev.Proc. 67–1, 1967–1 Cum. Bull. at 552–553.

Although Revenue Ruling 80–173 does not expressly state whether it is to have retroactive effect, in the absence of limitations imposed by statute or the I.R.S., such rulings generally are entitled to retroactive application. The language of I.R.C. § 7805(b) presumes that these agency rulings will be given retroactive effect unless otherwise specified.

■ The Supreme Court has upheld the retroactive application of revenue rulings on the ground that the I.R.S. should not be estopped from correcting a "mistake of law," *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1957), even though a taxpayer may have relied to his detriment on a prior agency ruling, *Dickman v. Commissioner,* —— U.S. ——, 104 S.Ct. 1086, 1094, 79 L.Ed.2d 343 (1984). This position reflects the fact that Congress, not the I.R.S., is charged with promulgating the tax laws. The Commissioner of the I.R.S. is simply a delegate of the Secretary of the Treasury whose function is to implement the law. *Automobile Club of Michigan v. Commissioner, supra,* 353 U.S. at 184, 77 S.Ct. at 709; *Redhouse v. Commissioner,* 728 F.2d 1249, 1251 (9th Cir.1984).

■ In the case of disallowing deductions for flight training taken by veterans receiving tuition reimbursements, the Commissioner corrected his past error. Section 265(1) of the Internal Revenue Code embodies the established policy forbidding the deduction of any business expense (otherwise allowable as a deduction) which is allocable to a class of tax-exempt income other than interest. *Id.* See 4A Mertens, Law of Federal Income Taxation, § 25.128 (1984). The very fact that a class of income (in this case, a direct cash reimburse-

ment) is nontaxable disqualifies its deduction as a business expense. *See* Mertens, Law of Federal Income Taxation, Code Commentary § 265:1 (1984).

Flight training benefits for veterans originated in 1958 as part of legislation to foster the "Education of Korean Conflict Veterans," P.L. 85–857, 72 Stat. 1174. Key sections of the 1958 legislation were reenacted in 1966 as part of the Veterans' Readjustment Benefits Act. P.L. 89–358, 80 Stat. 17. Section 1781 of the 1966 Act prohibited the "duplication of benefits paid from the Federal Treasury" to otherwise eligible veterans, 80 Stat. 21. There is nothing in the language or legislative history of these veterans' benefits statutes to indicate that Congress intended to create an exception to existing tax law by permitting veterans to have both a tax exemption and a tax deduction for reimbursed educational expenses. Indeed, Congress clearly signalled its concern that the legislation not burden the treasury by authorizing double benefits.

Revenue Ruling 62–213 interpreted Section 1.162–5 of the Income Tax Regulations to mean that veterans who properly deduct educational expenses on their federal income tax returns need not reduce or offset the deduction by the amount of any nontaxable cash payments directly allocable as reimbursement from the Veterans' Administration. This reading of the tax law contravenes Congress's express intention to prevent veteran/taxpayers from realizing double benefits. Revenue Ruling 80–173 which disallowed deductions for veterans enrolled in flight training courses rectified the Commissioner's earlier mistaken interpretation of the law.

Notwithstanding taxpayer's reasonable reliance on the Commissioner's prior position, the I.R.S. clearly is not estopped from nullifying a prior ruling, based on a mistake of law, by means of a new ruling having retroactive effect. *Dixon v. U.S., supra,* 381 U.S. at 73, 85 S.Ct. at 1304; *Automobile Club of Michigan v. Commissioner, supra* at 184; *Wolinsky v. U.S.,* 271 F.2d 865, 868 (2d Cir.1959).

## IV.

The taxpayer contends, however, that the Commissioner should be estopped from applying Revenue Ruling 80–173 to his particular case. The facts involved in *Manocchio v. Commissioner, supra,* cited by the Tax Court, are similar although not identical to the facts in the case before us. In *Manocchio* the taxpayer, an airline pilot and Air Force veteran, attended a flight training course in 1977. Like the taxpayer in our case, he was reimbursed for 90 percent of the cost of the classes by the Veterans' Administration. Relying on Revenue Ruling 62–213 he deducted the entire cost of the flight training course on his income tax returns. The I.R.S. retroactively disallowed the deduction of the reimbursed portion of the course fees and assessed a tax deficiency against him in the amount of $924.

The Tax Court upheld the deficiency determination. It found that the taxpayer could point to no extraordinary injury suffered as a result of his reliance on the 1962 ruling:

> He can hardly be heard to complain, for example, that he would not have taken the flight training course had he known the deduction was not available, because (1) the VA provided tax-free reimbursement for 90 percent of the costs, (2) his out-of-pocket cost on the remaining 10 percent was partially offset by the tax benefit attributable to the deduction of such costs, and (3) the education maintained and improved skills required in his trade or business. Nor is it a sufficient injury that petitioner must now disgorge the windfall tax benefit he received and compensate the Government for the use of its money during the intervening period. To hold otherwise would effectively strip respondent of the authority vested in him by section 7805(b).

*Manocchio v. Commissioner,* 78 T.C. at 1002.

■ In the case before us the deficiency assessed against the taxpayer amounts to more than $5,000, not an inconsiderable sum. The taxpayer does not claim, however, that he is financially unable to satisfy the judgment nor does he indicate that repaying the government would so severely burden him or his family as to result in a miscarriage of justice. *See Lesavoy Foundation v. Commissioner,* 238 F.2d 589 (3d Cir.1956).

We conclude that the Commissioner was not estopped from applying Revenue Ruling 80–173 retroactively.

## V.

■ Taxpayer raises several other grounds for reversal on appeal but it is less than clear that they were presented to the Tax Court. The most significant of these grounds was that the Commissioner's different treatment of flight training benefits from other veterans' educational benefits denied him the right to equal treatment in the application of the tax laws.

We conclude that the totality of the present circumstances dictates that this ground be remanded to the Tax Court for appropriate consideration. We reach this conclusion for several reasons. First, we are uncertain whether it was before the Tax Court given the language of the pro se brief filed in that court. Next, and of importance, the Tax Court relied on its previous opinion in *Manocchio v. Commissioner, supra,* which reached the equal treatment issue. However, at the time that *Manocchio* was decided by the Tax Court, the Commissioner had not issued Revenue Ruling 83–3 which disallowed the deduction of educational expenses that were allocable to a portion of the veterans' educational benefits other than flight training. This ruling, however, was prospective only. After the Tax Court had rendered its decision in this case, the Courts of Appeals for the Ninth and Eleventh Circuits reached different conclusions as to whether the application of Revenue Rulings 80–173 and 83–3 have resulted in the disparate treatment of similarly situated taxpayers. *Manocchio v. Commissioner,* 710 F.2d 1400, 1404 & n.2 (9th Cir.1983) (holding that there is a rational basis for the distinction); *Baker v. United States,* 748 F.2d

1465 (11th Cir.1984) (holding that there is no rational reason for the retroactive application of 80–173 and the prospective application of 83–3). Thus, there may be some question as to the soundness of the Tax Court's reliance on *Manocchio* due to the Commissioner's subsequent revenue ruling.

Under these circumstances we conclude that fundamental fairness dictates that the taxpayer be provided a forum to resolve this ground. It is equally clear to us that the matter should be resolved, at least initially, by the Tax Court.[6]

### VI.

The decision of the Tax Court will be vacated solely to afford the taxpayer an opportunity to present to the Tax Court his contention that the Tax Court erred in not finding that the Commissioner abused his discretion in applying Revenue Ruling 80–173 retroactively as to him in violation of the taxpayer's right to equal treatment in the application of the tax laws.

Each party shall bear its own costs.

---

**6.** Other issues raised for the first time on appeal will not be addressed.