WILLIAM L. BECKER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8498–80.     Filed August 15, 1985.

William L. Becker, pro se.[1]
*Thomas G. Norman,* for the respondent.

### SUPPLEMENTAL OPINION

DAWSON, *Judge:* This case is now before us on remand from the Court of Appeals for the Third Circuit. In our earlier opinion, T.C. Memo. 1983–94, we held that petitioner is not entitled to an educational expense deduction under section

---

[1]A brief amicus curiae was filed by William E. Frantz and John B. Gratten, as attorneys for Willard K. Baker, who is the taxpayer in *Baker v. United States,* 748 F.2d 1465 (11th Cir. 1984), a case that involves the same issue as this case.

162[2] for the cost of a flight-training course for which he received nontaxable reimbursement from the Veterans' Administration (VA). In rejecting petitioner's arguments that the expenses were deductible, we applied the case of *Manocchio v. Commissioner*, 78 T.C. 989 (1982), affd. 710 F.2d 1400 (9th Cir. 1983), wherein we held that (1) the deduction claimed by the taxpayer-veteran for reimbursed flight-training expenses was disallowed by section 265(1), and (2) the Commissioner was not estopped from disallowing the deduction.

Like the taxpayer in *Manocchio*, petitioner's reimbursement for flight-training expenses was authorized by 38 U.S.C. sec. 1677 (1976) (repealed in 1981), which permits eligible veterans to receive an educational assistance allowance equal to 90 percent of the expenses incurred for approved flight-training courses. Petitioner excluded the payments from income on his 1976 and 1977 Federal income tax returns under 38 U.S.C. sec. 3101(a) (1976), which provides an exemption from taxation for payments of benefits made under any law administered by the VA.

On the appeal of this case, the Third Circuit Court of Appeals concluded that section 265(1) prohibits the deduction in question and that respondent is not estopped from disallowing the deduction. The Court of Appeals, however, did not affirm but vacated our decision and remanded this case—

solely to afford the taxpayer an opportunity to present to the Tax Court his contention that the Tax Court erred in not finding that the Commissioner abused his discretion in applying Revenue Ruling 80–173 retroactively as to him in violation of the taxpayer's right to equal treatment in the application of the tax laws. [*Becker v. Commissioner*, 751 F.2d 146, 152 (1984).]

In our consideration of the equal treatment issue, we were also directed to specifically consider the effect of Rev. Rul. 83–3, 1983–1 C.B. 72, on this issue. The Court of Appeals stated as follows:

at the time that *Manocchio* was decided by the Tax Court, the Commissioner had not issued Revenue Ruling 83–3 which disallowed the deduction of educational expenses that were allocable to a portion of the veterans' educational benefits other than flight training. This ruling, however, was prospective only. After the Tax Court had rendered its decision in this case,

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during 1976 and 1977, the taxable years in issue.

the Courts of Appeals for the Ninth and Eleventh Circuits reached different conclusions as to whether the application of Revenue Rulings 80–173 and 83–3 have resulted in the disparate treatment of similarly situated taxpayers. *Manocchio v. Commissioner*, 710 F.2d 1400, 1404 & n. 2 (9th Cir. 1983) (holding that there is a rational basis for the distinction); *Baker v. United States*, 748 F.2d 1465 (11th Cir. 1984) (holding that there is no rational reason for the retroactive application of 80–173 and the prospective application of 83–3). Thus, there may be some question as to the soundness of the Tax Court's reliance on *Manocchio* due to the Commissioner's subsequent revenue ruling. [751 F.2d at 151–152.]

We begin our analysis of the equal treatment issue by discussing respondent's rulings. At the time petitioner filed his 1976 and 1977 returns, Rev. Rul. 62–213, 1962–2 C.B. 59, revoked by Rev. Rul. 83–3, *supra*, was still in effect. Rev. Rul. 62–213 announced respondent's published position regarding the deductibility of any educational expenses incurred by veterans as follows:

expenses for education, paid or incurred by veterans, which are properly deductible for Federal income tax purposes, are not required to be reduced by the nontaxable payments received during the taxable year from the Veterans' Administration. [1962–2 C.B. at 59.]

After reconsidering the deductibility of veterans' educational expenses, respondent issued Rev. Rul. 80–173, 1980–2 C.B. 60, which announced that flight training expenses for which veterans receive reimbursement under 38 U.S.C. sec. 1677, like petitioner herein, are not deductible under section 162. Rev. Rul. 80–173 focused upon reimbursement payments under 38 U.S.C. sec. 1677, as follows:

This holding applies only to reimbursement payments made under 38 U.S.C. section 1677. For treatment of subsistence and educational allowance payments made under 38 U.S.C. section 1681 (1976), which are not reimbursement payments determined by reference to amounts actually expended for tuition and fees, but rather are in the nature of a living stipend determined without regard to amounts expended, see Rev. Rul. 62–213, 1962–2 C.B. 59. [1980–2 C.B. at 61.]

Rev. Rul. 80–173 applied retroactively and, thus, formed the basis for the notice of deficiency sent to petitioner in this case.

Respondent's issuance of Rev. Rul. 83–3, 1983–1 C.B. 72, completes the rulings scenario.[3] Rev. Rul. 83–3 revoked Rev.

---

[3]At the time our opinion in *Manocchio v. Commissioner*, 78 T.C. 989 (1982), affd. 710 F.2d 1400

Rul. 62–213, *supra*, and announced, in part, that a deduction otherwise allowable under section 162 for educational expenses must be reduced "to the extent the expense is allocable to the amounts received for such expenses from the Veterans' Administration." 1983–1 C.B. at 73. As authority for his position, respondent relied upon section 265(1), which provides, in part, that no deduction shall be allowed for any amount otherwise allowable as a deduction that is allocable to one or more classes of income other than interest wholly exempt from taxes imposed by subtitle A. Rev. Rul. 83–3, however, was applied prospectively only to the VA allowance attributable in part to educational costs and in part to a veteran's subsistence expenses. With respect to reimbursement *solely* attributable to educational expenses (such as the situation covered by Rev. Rul. 80–173), Rev. Rul. 83–3 was applied retroactively.

The Commissioner has discretion to determine the extent to which a revenue ruling will be applied retroactively. His action in applying a ruling retroactively is reviewable for an abuse of discretion. *Automobile Club of Michigan v. Commissioner*, 353 U.S. 180, 184 (1957) The Commissioner may be held to have abused his discretion where the circumstances reveal an unfair disparity in his treatment of similarly situated taxpayers. *Dixon v. United States*, 381 U.S. 68, 76–77 (1965); *Farmers' & Merchants' Bank v. United States*, 476 F.2d 406, 409 (4th Cir. 1973); *International Business Machines Corp. v. United States*, 343 F.2d 914, 920 (Ct. Cl. 1965). "The Commissioner cannot tax one and not tax another without some rational basis for the difference." *United States v. Kaiser*, 363 U.S. 299, 308 (1960) (Frankfurter, J., concurring).

In *Dixon v. United States, supra,* the taxpayers purchased notes in reliance upon the Commissioner's acquiescence in a Tax Court decision that allowed capital gain treatment upon the retirement of certain notes to an amount corresponding to original issue discount. The Commissioner then withdrew his acquiescence. The withdrawal was retroactive in general but prospective as to the notes in issue in the Tax Court case. The taxpayers in *Dixon* argued that the Commissioner abused his discretion in applying the withdrawal of the acquiescence

---

(9th Cir. 1983), was filed, Rev. Rul. 83–3, 1983–1 C.B. 72, had not yet been issued. The Ninth Circuit Court of Appeals, however, specifically mentioned Rev. Rul. 83–3 in its affirmance.

retroactively, in part, on the ground that the Commissioner set up an unreasonable and arbitrary classification because, they contended, there was no significant difference between the notes they purchased, to which the nonacquiescence applied retroactively, and the notes in issue in the Tax Court decision, to which the nonacquiescence applied prospectively. The Supreme Court examined the Commissioner's justification for the distinction. Rather than deciding the merits of the Commissioner's distinction, the Supreme Court gave it substantial deference. "[W]e cannot say that the distinction was so devoid of rational basis that we must now overturn the Commissioner's judgment." 381 U.S. at 79.

In the instant case, after publishing Rev. Rul. 80–173, which modified Rev. Rul. 62–213, the Commissioner provided for two types of treatment for VA educational assistance: (1) Payments under 38 U.S.C. sec. 1677 (and like payments) which reduce the business educational expense deduction; and (2) payments under 38 U.S.C. sec. 1681, in the nature of a "living stipend" determined without regard to education costs, which do not reduce the business educational expense deduction. In *Manocchio*, this Court found no merit in the taxpayer's argument that the Commissioner unfairly discriminated against taxpayers receiving payments under 38 U.S.C. sec. 1677 by establishing these two categories. We stated as follows:

Given the fundamental differences in the way these benefits are computed, we cannot say that respondent's decision to treat them differently for tax purposes is "so devoid of rational basis" as to constitute an abuse of discretion. See *Dixon v. United States, supra* at 79. [78 T.C. at 1002–1003.]

The Court of Appeals for the Ninth Circuit affirmed our opinion in *Manocchio* on the issue of whether the Commissioner's retroactive application of Rev. Rul. 80–173 made an impermissible distinction. *Manocchio v. Commissioner*, 710 F.2d at 1404. Upon further consideration of this issue we adhere to our prior conclusion and agree with the Ninth Circuit rather than with the Eleventh Circuit in *Baker v. United States*, 748 F.2d 1465 (11th Cir. 1984), which takes a contrary position.[4]

---

[4]*Rivers v. Commissioner*, 727 F.2d 1103 (4th Cir. 1984), affg. without published opinion a Memorandum Opinion of this Court, and *Olszewski v. Commissioner*, an unpublished opinion (1st Cir. 1983, 55 AFTR 2d 85–536), affg. a Memorandum Opinion of this Court, also have upheld the retroactive application of Rev. Rul. 80–173, 1980–2 C.B. 60.

Under 38 U.S.C. sec. 1681(a), the VA is authorized to pay an educational assistance allowance to meet, in part, the expenses of subsistence, tuition, fees, books, and other educational costs. In order to obtain educational assistance for flight training under 38 U.S.C. sec. 1677, the eligible veteran must, among other things, take approved flight school courses. 38 U.S.C. sec. 1677(a). This allowance is computed at the rate of 90 percent of the charges for tuition and fees that similarly situated non-veterans pay for the same flight course. 38 U.S.C. sec. 1677(b). The computation of certain other educational assistance allowances (not including flight training) is provided in 38 U.S.C. sec. 1682. The computations, in general, are based upon the veteran's enrollment status and the number of a veteran's dependents, rather than the costs of tuition and fees.[5] We think that this computational difference shows that respondent's distinction between these two types of payments is not devoid of a rational basis.

In Rev. Rul. 80–173, respondent took the position that, because the tuition and fees for flight training expenses are directly reimbursed by the VA, the reimbursed flight training expenses are not deductible based upon the well-established principle that a business expense is not deductible if it has been or will be reimbursed. See *Canelo v. Commissioner*, 447 F.2d 484 (9th Cir. 1971), affg. per curiam 53 T.C. 217 (1969); *Wolfers v. Commissioner*, 69 T.C. 975, 983–985 (1978); *Charles Baloian Co. v. Commissioner*, 68 T.C. 620, 626 (1977), affd. in an unpublished opinion (9th Cir. 1982). This rule may not be applicable, however, to the other types of payments because such payments are not solely reimbursement for tuition and fees but include a stipend for living expenses. As to these payments, the otherwise deductible expenses that are allocable to tax-exempt income are not deductible by virtue of section 265(1).[6] The fact that respondent's distinction is not

---

[5]As pointed out in the amicus brief, certain educational benefits, other than those for flight training, may be computed using a formula based upon the costs of tuition and fees to nonveteran students enrolled in the same program. See, e.g., 38 U.S.C. sec. 1682(b) (1976) (assistance for a veteran pursuing a program of education while on active duty or on less than half-time basis); 38 U.S.C. sec. 1786 (1976) (assistance for a veteran taking correspondence courses). Such educational assistance payments were not specifically addressed in either Rev. Rul. 80–173, *supra*, or Rev. Rul. 83–3, *supra*, and we, therefore, need not discuss respondent's treatment of the deductibility of the expenses to which such reimbursement relates.

[6]We are not unmindful of the fact that in *Manocchio v. Commissioner, supra*, we based our holding on sec. 265(1) rather than on the rationale of (*Wolfers v. Commissioner*, 69 T.C. 975,

devoid of a rational basis, *for tax purposes*, is illustrated by the amount of the net deductible expense. The deduction for educational expenses for flight training is reduced by the full amount of the reimbursement computed under 38 U.S.C. sec. 1677. The deduction for other educational expenses for which non-reimbursement payments are received from the VA is reduced by a lesser amount, such as 50 percent of the payment. Rev. Rul. 83–3, *supra*.[7]

In *Baker v. United States*, 748 F.2d 1465 (11th Cir. 1984), the 11th Circuit Court of Appeals held that it was an abuse of discretion for the Commissioner to apply Rev. Rul. 80–173 retroactively and Rev. Rul. 83–3 prospectively because the distinction drawn by the Commissioner between the two types of educational benefits had no rational basis. The facts in *Baker* were in all significant respects the same as those in *Manocchio* and in the instant case. The Court of Appeals in *Baker* analyzed the statutory scheme of the educational assistance allowance for veterans and concluded that "Congress created but one educational assistance allowance, the recipients of which should be afforded similar treatment for tax purposes." 748 F.2d at 1468. It is our view that the 11th Circuit, by concentrating on title 38, overlooked the crucial issue of whether, *for tax purposes*, the distinction drawn by the Commissioner was devoid of a rational basis. The 11th Circuit essentially ignored the computational difference. We think that difference provides justification for the distinction because, in the case of flight-training expenses, it ties the payment to the expense. We agree with the Ninth Circuit that—

it is the *reimbursement* that makes the flight training expenses nondeductible, rather than the mere fact that the benefit is associated with veterans'

---

983–985 (1978), and cases cited in text above. While we thought our approach was more direct and appropriate, we noted that the result in *Wolfers* was sound. *Manocchio v. Commissioner*, 78 T.C. at 998. In fact, in affirming our decision in *Manocchio*, the Ninth Circuit preferred to rest its decision on the definition of an expense under sec. 162(a), rather than on sec. 265(1). Regardless of which rationale is more appropriate, we think the crucial factor is that the distinction drawn by respondent in Rev. Rul. 80–173, *supra*, between the two types of payments based upon the reimbursement theory is not devoid of a rational basis. As the Supreme Court has said:

"It is not for us to pass upon the wisdom of any such distinction. It suffices that on this record we cannot say that the distinction was so devoid of rational basis that we must now overturn the Commissioner's judgment. [*Dixon v. United States*, 381 U.S. 68, 79 (1965).]"

[7] We are not here expressing approval of respondent's allocation method since that issue is not currently before us.

education benefit. [*Manocchio v. Commissioner*, 710 F.2d at 1404; fn. ref. omitted; emphasis added.]

In our analysis we have concentrated on Rev. Rul. 80–173 rather than on Rev. Rul. 83–3. However, we have not disregarded the Third Circuit's mandate to consider the effect of Rev. Rul. 83–3. We have focused particularly on Rev. Rul. 80–173 because it is in that ruling that respondent creates the distinction between two types of educational assistance payments. Rev. Rul. 83–3 merely carries forward the distinction. We think that the effect of Rev. Rul. 83–3, if any, is to provide support for the conclusion that respondent's distinction is not devoid of a rational basis. In fact, the fairness of respondent's determination in the earlier ruling may be bolstered by Rev. Rul. 83–3. *Manocchio v. Commissioner*, 710 F.2d at 1404 n. 3. This is so, because Rev. Rul. 83–3 makes at least some portion of *all* educational expenses subject to VA benefits nondeductible. Moreover, since we have found that the distinction created by respondent in Rev. Rul. 80–173 is not devoid of a rational basis, we fail to see how Rev. Rul. 83–3, which was subsequently published, can negate that finding.

*Decision will entered for the respondent.*

Reviewed by the Court.

STERRETT, SIMPSON, WILBUR, CHABOT, NIMS, PARKER, WHITAKER, KÖRNER, SHIELDS, HAMBLEN, CLAPP, JACOBS, and WRIGHT, *JJ.*, agree with the majority opinion.

SWIFT and GERBER, *JJ.*, did not participate in the consideration of this case.

———

GOFFE, *J.*, dissenting. I respectfully dissent. I agree with the holding in *Baker v. United States*, 748 F.2d 1465 (11th Cir. 1984). In my view, the retroactive revocation of a published ruling, even if it technically does not constitute an abuse of discretion, is perceived by the taxpayers as so unfair, that it at least represents extremely poor judgment.

The Commissioner has set forth the objectives and standards of published revenue rulings in Rev. Proc. 78–24, 1978–2 C.B. 503:

SEC. 3. DEFINITIONS.

01. A "revenue ruling" is an official interpretation of the Internal Revenue laws, related statutes, tax treaties, and regulations, by the Internal Revenue Service that has been published in the Internal Revenue Bulletin. Revenue rulings are issued only by the National Office and are published for the information and *guidance of taxpayers*, Service officials, and others concerned. [Emphasis added.]

\* \* \* \* \* \* \*

SEC. 5. OBJECTIVES.

The *purpose* of publication of revenue rulings and revenue procedures in the Internal Revenue Bulletin is *to promote uniform application of the tax laws* by Internal Revenue Service employees and *to assist taxpayers in attaining maximum voluntary compliance* by informing Service personnel and the public of National Office interpretations of the internal revenue laws, related statutes, tax treaties, and regulations, and statements of Service procedures affecting the rights and duties of taxpayers. [Emphasis added.]

\* \* \* \* \* \* \*

SEC. 7. FORM AND EFFECT OF PUBLICATION.

01. Revenue Rulings. \* \* \*

(5) Taxpayers generally may rely upon revenue rulings published in the Bulletin in determining the tax treatment of their own transactions and need not request specific rulings applying the principles of a published revenue ruling to the facts of their particular cases. \* \* \*

The excerpts are included to state the policies of the Commissioner regarding published rulings. They are not cited to show whether the unwary taxpayer who relies upon a published revenue ruling is on notice as to the possibility that a ruling may be revoked retroactively.

If the Commissioner wants to encourage taxpayers to voluntarily comply with the tax law, which indeed all of us who are concerned with the administration of the tax laws should want, he should accord greater weight to that factor than the relatively insignificant loss of revenue occasioned by prospective revocation. The perception of the taxpayers who have appeared before me in these cases is that they have received unfair treatment by the Commissioner, and I find it difficult to argue with their logic. These taxpayers attempted to file correct income tax returns in abiding by a ruling published by the Commissioner, only to find several years later that the Commissioner changed his mind. Such action by the Commis-

sioner requires that the taxpayers either concede or litigate the point and pay not only the tax but accrued interest as well. I agree with the taxpayers that this is unfair treatment, and I fail to see how it promotes the avowed objective of voluntary compliance as enunciated by the Commissioner in sec. 5 quoted above.

COHEN, *J.*, agrees with this dissent.