MICHAEL JOHN KENDEL AND LIDDI KENDEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kendel v. Commissioner
Docket No. 2389-82.
United States Tax Court
T.C. Memo 1985-527; 1985 Tax Ct. Memo LEXIS 103; 50 T.C.M. (CCH) 1279; T.C.M. (RIA) 85527; October 9, 1985. Michael John Kendel, pro se. Charles O. Cobb, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned to the undersigned pursuant to the provisions of section 7456(d)(3) of the Code [1] and General Order No. 8, 81 T. *104 C. XXIII (1983). Respondent determined deficiencies in petitioners' income tax for 1977 in the amount of $1,985, for 1978 in the amount of $8,576, and for 1979 in the amount of $4,713. [2]
Petitioners, husband and wife, resided at 5809 Flambeau Road, Rancho Palos Verdes, California, at the time the petition was filed. Tax returns for 1977, 1978 and 1979 were timely filed at the Fresno, California, office of the Internal Revenue Service. Following an agreement between the parties, the issue remaining is whether petitioners may claim educational expenses for 1977 and 1978 in the amounts of $5,757.34 and $725.64, respectively, for a flight instruction course. [3]
*105 Some of the facts have been stipulated to by the parties and are so found. The stipulation of facts, with attached exhibits, is hereby incorporated by reference. Petitioner Michael John Kendel has worked for United Airlines as a Flight Officer since 1964. Before December 2, 1977, he was a Flight Engineer (Second Officer). On December 2, 1977, he was promoted to Co-Pilot (First Officer). Petitioner took a flight instruction course in the operation of the Lear 25, a two-engine jet aircraft, between January 17 and March 8, 1977. The deduction itself is not questioned as a proper educational expense; rather, it is the amount of the deduction which presents the issue. Total cost of the flight instruction course was $5,757.34. Petitioners paid $5,031.70 in 1977 and $725.64 in 1978. The Veterans Administration reimbursed petitioner $4,433.47 of the amount expended in 1977 pursuant to 38 U.S.C. section 1677 (1976) (repealed in 1981). Under 38 U.S.C. section 3101(a), which excludes benefits payable to veterans, petitioners did not include the reimbursement in income. The amounts not reimbursed, $598.23 in 1977 and $725.64 in 1978, *106 are agreed to be properly deductible. Petitioners deducted $5,031.70 in 1977 and $725.64 in 1978 on Schedule A as an "educational expense." The legislative history of the pertinent veterans' provisions does not show that Congress intended a veteran to have both an exemption and a tax deduction when reimbursed flight training expenses qualify as deductible business-related education. Manocchio v. Commissioner,78 T.C. 989, 997 (1982), affd. 710 F.2d 1400 (9th Cir. 1983). Indeed, section 265 was intended to prevent taxpayers from "reaping a double tax benefit by using expenses attributable to tax-exempt income to offset other sources of taxable income." Manocchio v. Commissioner,supra,78 T.C. at 997. The Court recognizes the position taken by the Eleventh Circuit in Baker v. United States,748 F.2d 1465 (11th Cir. 1984). However, as petitioners are within the Ninth Circuit, we are constrained to follow the Manocchio decision. Golsen v. Commissioner,54 T.C. 742, 756-757 (1970). Petitioners followed Rev. Rul. 62-213, 1962-2 C.B. 59, which held "expenses for education, paid or *107 incurred by veterans, which are properly deductible for Federal income tax purposes, are not required to be reduced by the nontaxable payments received during the taxable year from the Veterans' Administration." Before petitioner filed his petition on February 1, 1982, but after the tax years in question, respondent issued Rev. Rul. 80-173, 1980-2 C.B. 60, which "distinguished and clarified" Rev. Rul. 62-213. This later ruling held: Provided it is determined that a deduction is allowable to the taxpayer under section 162 of the Code and section 1.162-5 of the regulations, the taxpayer may not deduct * * * under section 162 of the Code, * * * the amount of the reimbursement to the taxpayer by the Veterans' Administration under 38 U.S.C. section 1677. Whether [the remaining expense] is deductible will depend on all the facts and circumstances in each case. The holding applies only to reimbursement payments made under 38 U.S.C. section 1677. For treatment of subsistence and educational allowance payments made under 38 U.S.C. section 1681 (1976), which are not reimbursement payments determined *108 by reference to amounts actually expended for tuition and fees, but rather are in the nature of a living stipend determined without regard to amounts expended, see Rev. Rul. 62-213, 1962-2 C.B. 59. Rev. Rul. 80-173, 1980-2 C.B. 60, 61. [4]
Rev. Rul. 80-173 does not specify that it is to be prospective only in application, thus it is automatically deemed to have retroactive effect. Manocchio,supra,78 T.C. at 1000. The Commissioner has discretion under section 7805(b) to decide whether regulations and revenue rulings will be applied retroactively and he will not ordinarily be estopped from correcting a mistake *109 of law. Manocchio,supra,78 T.C. at 1000-1001. The Commissioner's discretion will be upheld unless unconscionable injury or undue hardship is suffered by the taxpayer due to his reliance on the Internal Revenue Service's position or if there is an unfair disparity of treatment of similarly situated taxpayers. Mannochio,supra, and cases cited therein. As in Manocchio, petitioners here present a story of reliance on respondent. We believe that petitioners did rely on Rev. Rul. 62-213. However, petitioners have shown no exceptional injury caused by such reliance, and thus the retroactivity of Rev. Rul. 80-173 will be enforced. See also Becker v. Commissioner,85 T.C. 291 (1985). The Manocchio result controls here for the following reasons. First, it is likely that petitioner would still have taken the course, even if he had known the deduction was not available due to the tax-free 90-percent reimbursement, the tax deduction for the remaining 10 percent and the improvement in skills required in petitioner's business. Secondly, requiring petitioner to pay the tax owing is not a sufficient injury *110 to militate against the Commissioner's discretion. Nor do we find an unfair discrimination by respondent, as only the inclusion of benefits pertaining to flight training, which are determined by reference to the cost of the training were changed. For other benefits which are allocable to both a class of nonexempt income and a class of exempt income, "a reasonable proportion hereof determined in the light of all the facts and circumstances in each case shall be allocated to each." Rev. Rul. 83-3, supra. As the taxpayer incurred educational expenses for which tax exempt income was received, permitting him to also deduct the entire educational expense would lead to a double benefit not allowed under section 265. Under the allocation method, the taxpayer may deduct the nonreimbursed amount. The rationale of section 265, disallowing deductions allocable to income exempt from tax, is a rational basis to treat the two reimbursements differently for tax purposes. We conclude that respondent correctly disallowed the deduction claimed for reimbursed flight training expenses. To give effect to concessions made in the stipulation of the parties, Decision will be entered *111 under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. This case was originally filed under section 7463. Petitioner made an oral motion to remove the case from the small case category, which was unopposed by respondent. Petitioner's motion was granted.↩
3. Petitioners had claimed net operating loss deductions from 1975 and 1976 in the amount of $60,244 for 1977, $49,144 in 1978, and $5,288 in 1979. Pursuant to the agreement, petitioners may claim a net operating loss carryover from 1976 in the taxable year of 1977 for the amount of $9,901.51. The remaining deductions of net operating loss carryforwards are disallowed.↩
4. A third revenue ruling has now been issued, specifically revoking Rev. Rul. 62-213. Rev. Rul. 83-3, 1983-1 C.B. 72. That ruling holds that "the amount of the itemized deductions for tuition, books and other expenses connected with further education must be decreased to the extent the expense is allocable to the amounts received for such expenses from the Veterans' Administration * * *." Rev. Rul. 83-3, supra↩ at 73. A formula is then given for the allocation.