RONALD E. ALLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 17024-84.
United States Tax Court
T.C. Memo 1986-55; 1986 Tax Ct. Memo LEXIS 554; 51 T.C.M. (CCH) 427; T.C.M. (RIA) 86055; February 6, 1986. Ronald E. Allen, pro se. Joyce Sugawara, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned to the undersigned pursuant to the provisions of section 7456(d)(1)[1] and Rules 180, 181 and 182, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioner's Federal income tax of $4,901 for 1978. Petitioner resided at 107 San Anselmo, Placentia, California, at the *555 timely filing of the petition. Some of the facts have been stipulated to by the parties and are so found. The stipulation of facts, with attached exhibits, is hereby incorporated by reference. Petitioner was employed by Western Airlines as a 727 First Officer. Previously, petitioner had served as a pilot in the United States Army and was eligible for veterans' benefits. During 1978, petitioner took two flight training courses for which he paid a total of $13,115.82. Under 38 U.S.C. section 1677(b) (1976) (now repealed), petitioner was reimbursed $11,781.74. Petitioner took an employee business expense deduction of $13,474 on his 1978 tax return. Of that amount, $358 is conceded by petitioner to be an improper deduction. Respondent concedes that the flight training courses maintained and improved skills required in petitioner's employment. Therefore, the unreimbursed amount of $1,334.08 is deductible under section 162(a). The sole remaining issue at trial was the deductibility of the reimbursed amount of $11,781.74. The legislative history of the pertinent veterans' provisions does not show that Congress intended a veteran to have both an exemption *556 and a tax deduction when reimbursed flight training expenses qualify as deductible business-related education. Manocchio v. Commissioner,78 T.C. 989, 997 (1982), affd. 710 F.2d 1400 (9th Cir. 1983). Indeed, section 265 was intended to prevent taxpayers from "reaping a double tax benefit by using expenses attributable to tax-exempt income to offset other sources of taxable income." Manocchio v. Commissioner,supra at 997. The Court notes the opinion of the Eleventh Circuit in Baker v. United States,748 F.2d 1465 (11th Cir. 1984), to the contrary. However, as petitioner is within the Ninth Circuit, we follow our decision in Manocchio as affirmed by the Ninth Circuit. Golsen v. Commissioner,54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Petitioner is, in effect, urging us to apply Rev. Rul. 62-213, 1962-2 C.B. 59, which held "expenses for education, paid or incurred by veterans, which are properly deductible for Federal income tax purposes, are not required to be reduced by the nontaxable payments received during the taxable year from the Veterans' *557 Administration," despite the fact that the ruling was revoked retroactively. Rev. Rul. 83-3, 1983-1 C.B. 72, modified by Rev. Rul. 85-96, 1985-29 I.R.B. 7 (modifying another situation). See Manocchio v. Commissioner,supra at 1000. Before petitioner filed his petition, but after the tax year in question, respondent issued Rev. Rul. 80-173, 1980-2 C.B. 60. That ruling distinguished between reimbursements to veterans for educational benefits and reimbursements made as "living stipends." The former were held to be nondeductible under section 162. We have thoroughly considered whether respondent abused his discretion in applying Rev. Rul. 80-173 retroactively [2] in violation of the taxpayer's right to equal treatment in the application of the tax laws, and decided there was no abuse of discretion. Becker v. Commissioner,85 T.C. 291 (1985). The facts in Becker are similar in all significant respects to those in petitioner's case. *558 The Manocchio result controls here for the following reasons. First, it is likely that petitioner would still have taken the courses, even if he had known the deduction was not available due to the tax-free 90-percent reimbursement, the tax deduction for the remaining 10 percent and the improvement in skills required in petitioner's business. Secondly, requiring petitioner to pay the tax owing is not a sufficient injury to militate against the Commissioner's discretion. Nor do we find an unfair discrimination by respondent, as only the inclusion of benefits pertaining to flight training, which are determined by reference to the cost of the training were changed. The taxpayer incurred educational expenses for which tax exempt income was received. Permitting him to deduct the entire educational expense would lead to a double benefit prohibited by section 265. The taxpayer may deduct the nonreimbursed amount. The rationale of section 265, disallowing deductions allocable to income exempt from tax, is a rational basis to treat the reimbursed and unreimbursed amounts differently for tax purposes. See Becker v. Commissioner,supra.
We conclude that respondent *559 correctly disallowed the deduction claimed for reimbursed flight training expenses. To give effect to concessions made by the parties, Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Rev. Rul. 80-173 was not specifically made prospective, thus it is automatically deemed to have retroactive effect. Manocchio v. Commissioner,supra↩ at 1000.