Robert F. CHRISTENSEN and Eileen F. Christensen, Petitioners/Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent/Appellee.

No. 84–7851.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1986.

Decided April 11, 1986.

Robert F. Christensen, Eileen F. Christensen, Portland, Or., for petitioners/appellants.

Douglas G. Coulter, Dept. of Justice, Washington, D.C., for respondent/appellee.

Before SKOPIL, NELSON, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

The Christensens claimed various deductions on their 1977 and 1978 returns but the Commissioner of Internal Revenue ("Commissioner") disallowed those deductions. The Tax Court sustained the Commissioner's disallowance. It also refused to address new requests raised by the Christensens for income averaging and deductions of additional expenses, concluding that they were not properly raised. Liberally construed, a pro se motion filed by the Christensens, referring to those claims, constituted a motion for leave to amend. We remand for consideration of that motion, but affirm the Tax Court on all other grounds.

I. FACTS

After a series of audits and unsuccessful negotiations, the Commissioner issued notices of deficiencies for 1977 and 1978. During the negotiation phase, the Christensens discussed utilization of income averaging with IRS employees and provided documentation of the base years necessary for the computation.

The Christensens petitioned the Tax Court for a redetermination of the deficiencies in November 1980, alleging the denial of deductions for rental losses in 1977 and 1978 was erroneous. Although the Christensens did not ask to amend their pleading, they did file a "Motion to Place the Following Statements in the Record" in April 1982. In that motion they requested income averaging and claimed additional deductions for automobile expenses.

The Tax Court, however, found that the Christensens' claims for income averaging and additional automobile expenses were not properly before the court. The court sustained the Commissioner's disallowance of rental loss deduction for 1977 based on its finding that the Christensens used the rental house as a residence for longer than allowed under the applicable Internal Revenue Code provision. The court also sustained the disallowance of a $725 deduction for commission expenses, finding no substantiation for the claim.

## II.  ANALYSIS

### A.  1977 Rental Expenses

The Christensens claimed a 1977 loss of $8,520 for their rental house in Campton, New Hampshire. After finding that the Christensens used the house as a residence as defined by section 280A(d) of the Internal Revenue Code, 26 U.S.C. § 280A(d) (1982), the Commissioner limited the Christensens' deduction for expenses to the rental income received. Section 280A provides that only a few specified deductions are allowed "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." Section 280A(d) defines the term "residence":

> (d) **Use as residence**
> (1) **In general**
> For purposes of this section, a taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds the greater of—

> (A) 14 days, or
> (B) 10 percent of the number of days during such year for which such unit is rented at a fair rental.
> For purposes of subparagraph (B), a unit shall not be treated as rented at a fair rental for any day for which it is used for personal purposes.
> (2) **Personal use of unit**
> For purposes of this section, the taxpayer shall be deemed to have used a dwelling unit for personal purposes for a day if, for any part of such day, the unit is used—
> (A) for personal purposes by the taxpayer or any other person who has an interest in such unit, or by any member of the family.

Under Section 280A(d), the Christensens would be disqualified from deducting certain expenses if they had used the house for personal purposes for more than seventeen days during the year. (The house was rented for 162 days in 1977.) While the Christensens contend they used the house for no more than eleven days, the Tax Court found that the house was used for personal purposes during all of January.

This finding by the Tax Court is a question of fact and is subject to the clearly erroneous standard of review. *Peck v. Commissioner*, 752 F.2d 469, 472 (9th Cir. 1985). The prior decision by the Commissioner to disallow deductions " 'has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong.' " *Kalgaard v. Commissioner*, 764 F.2d 1322, 1323 (9th Cir.1985) (quoting *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933)). Petitioners did not carry this burden and the Tax Court's decision is supported by substantial evidence. The Christensens' employer's records and expense vouchers indicate that the Christensens maintained a regular presence in the Campton house during January. An IRS agent testified that the Christensens had admitted residing in the house until the end of January. A factfinder may choose to discount a party's self-interested testimony, and the Tax Court

chose to give less weight to the Christensens' allegations that they resided elsewhere in January. Although there is evidence that the Christensens lived in the house less than seventeen days, there was substantial trial evidence to the contrary. No clear error is apparent in the Tax Court's finding.

### B. 1978 Rental Commission Expenses

■ The Christensens claimed a $725 deduction of commissions paid in 1978. The Commissioner disallowed the deduction and the Tax Court upheld that disallowance, finding that the Christensens had not substantiated the deduction. This finding is reviewed under the clearly erroneous standard. *Kalgaard*, 764 F.2d at 1323 ("findings of the Tax Court disallowing claimed deductions ... will be upheld unless such findings are clearly erroneous"). No clear error appears.

The Christensens have the burden of persuading the court that the Commissioner's disallowance is erroneous by introducing substantial evidence to overcome the presumption that the Commissioner is correct. *Id.* The Christensens failed to prove that rental commissions of $725 were paid; they did not introduce at trial any admissible evidence on the issue.

### C. Income Averaging and Automobile Expenses

The Christensens did not average their income in the 1977 or 1978 returns. During the audit proceeding, however, the Christensens raised the issue of their eligibility to utilize income averaging. The IRS agent asked for information on the base years and implied the Christensens might be eligible. The Christensens did not discuss the use of income averaging in their petition for redetermination of deficiencies to the Tax Court. Seventeen months after that petition was filed, the Christensens filed a "Motion to Place the Following Statements in the Record" in which they sought income averaging and also claimed a $400 deduction for additional automobile expenses.

Tax Court Rule 34(b)(1)(4) provides that the petition in a deficiency action shall contain

> [c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability.... Any issue not raised in the assignment of errors shall be deemed to be conceded.

Tax Ct.R. 34, 26 U.S.C.App.R. 34 (1982). The Tax Court concluded that the income averaging and automobile expenses issues were not raised in the Christensens' petition and thus refused to consider them.

■ While Rule 34(b)(1)(4) does require a statement of issues, Tax Court Rule 41(a) permits a party to amend its pleadings, either as a matter of course before a responsive pleading is served, by leave of the court, or by consent of the adverse party. Tax Ct.R. 41(a), 26 U.S.C.App.R. 41(a) (1982). The rule notes that "leave shall be given freely when justice so requires." *Id.* The Christensens filed no formal amendments to their pleadings but they did file the "Motion to Place the Following Statements in the Record." Because the Christensens were acting pro se, we conclude that the Tax Court should have considered this "Motion" as a motion to amend under Rule 41(a).

The Supreme Court has directed federal trial courts to read pro se papers liberally. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (pro se prisoner complaint held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir.1984); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (finding district court failed to take into account pro se status and thus failed obligation "to make reasonable allowances to protect pro se litigants from inadvertant forfeiture of important rights because of their lack of legal training"). The Second Circuit held that a pro se litigant "should be afforded an opportunity

fairly freely to amend his complaint." *Holmes v. Goldin,* 615 F.2d 83, 85 (2d Cir.1980) (per curiam) (civil rights action).

While this policy of liberal reading of pro se papers developed generally in prisoner and civil rights actions, it applies as well in the Tax Court. In *Lysek v. Commissioner,* 583 F.2d 1088, 1093 (9th Cir.1978), while holding the Tax Court was correct in finding waiver, we emphasized the tolerance the Tax Court showed in explaining tax procedures to the pro se litigant. We noted that the Tax Court "did not insist on an unreasonable degree of formality in the pleadings" but instead told taxpayers of their responsibilities "in terms clearly understandable by laymen"; thus taxpayers were not defeated by "arcane legal technicalities." *Id.* In *Scherping v. Commissioner,* 747 F.2d 478, 480 (8th Cir.1984), the Eighth Circuit, while finding that the Tax Court was justified in dismissing a pro se petition, nevertheless noted that such Tax Court pleadings should be liberally construed. In *Becker v. Commissioner,* 751 F.2d 146 (3d Cir.1985), the court reviewed a Tax Court determination adverse to a pro se litigant. The court reasoned that although the taxpayer bears the ultimate burden of proof, pro se pleadings are to be held to less stringent standards and are to be liberally construed. *Id.* at 149. The court's remand to the Tax Court was based in part on the uncertainty of the language in the pro se pleadings. *Id.* at 151. *See also Feistman v. Commissioner,* 587 F.2d 941, 942 (9th Cir.1978) (treating pro se taxpayers' filing liberally). And several district court cases that dealt with tax claims (although not in a Tax Court context) stressed that pro se papers should be held to less stringent standards. *See, e.g., O'Neal v. United States,* 601 F.Supp. 874, 875 (N.D.Ind.1985); *Blair v. United States Treasury Department,* 596 F.Supp. 273, 275 (N.D.Ind.1984). These cases have extended the liberality doctrine beyond the prisoner/civil rights context.

The policy allowing liberal reading of pro se pleadings is particularly appropriate in tax cases. Taxpayers, unassisted by trained attorneys, are likely to have difficulty understanding the intricacies of tax litigation and procedure. Without legal counsel, they are pitted against the expertise of the Internal Revenue Service in the Tax Court. Tax disputes that involve relatively minor sums may be of great significance to less wealthy taxpayers. Such taxpayers' access to Tax Court review should not be barred by legal technicalities. Indeed, Rule 41 itself speaks in terms of "when justice so requires," not in terms of legal technicality.

Hence, we remand to the Tax Court to consider the "Motion to Place the Following Statements in the Record" as a motion to amend for both the income averaging and the automobile expenses claims. The court must decide whether to grant this motion for either or both claims. It should consider whether the Commissioner's Pretrial Memorandum, which notes that the Christensens have requested income averaging be used and states that the Commissioner will allow income averaging to the extent base period income is shown, constitutes "written consent of the adverse party" for purposes of Rule 41(a). The record indicates that the base period income information was furnished by the Christensens during the post-audit phase, and such information is relatively simple for the Commissioner to validate. If the Tax Court grants the motion, it can require the taxpayers to produce the information necessary to prove their eligibility. The court should also consider whether justice requires leave to amend be given on the additional automobile expenses claim.

### III. CONCLUSION

We find no error in the Tax Court's disallowance of claimed 1977 and 1978 rental house deductions. In light of the policy favoring liberal reading of pro se litigants' papers, we find that the "Motion to Place the Following Statements in the Record" should have been treated as a motion to amend. We remand so that the Tax Court can consider whether to grant that motion.

AFFIRMED IN PART; REMANDED IN PART.