MARGARET E. STEWART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stewart v. Commissioner
Docket No. 529-86.
United States Tax Court
T.C. Memo 1987-436; 1987 Tax Ct. Memo LEXIS 433; 54 T.C.M. (CCH) 358; T.C.M. (RIA) 87436; August 31, 1987; As amended September 1. 1988 Margaret E. Stewart, pro se. Stephen R. Asmussen, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code *435 of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $ 3,154.00. After a concession by respondent, the issue for our determination is whether petitioner is entitled to an $ 8,888.00 rental loss deduction for 1981. [2]
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in Monterey, *436 California when she filed her petition. Petitioner filed a U.S. Individual Income Tax Return for 1981. Petitioner is a language specialist and was employed as a teacher by the Monterey County, California school system during 1981. Petitioner resided in a two-bedroom, one-bath house and rented the second bedroom to an unrelated tenant. Petitioner has rented her second bedroom to tenants since 1977. Petitioner constructed an addition to her house containing a third bedroom and second bath in 1981. Petitioner's tenant moved into the third bedroom when the addition was completed in December 1981. Petitioner's tenant rented a bedroom from petitioner throughout 1981. From the record, it is clear that petitioner rented her additional bedroom in 1981 with an actual and honest profit objective. On her income tax return, petitioner reported a rental loss of $ 8,888.00. [3] In his notice of deficiency, respondent disallowed petitioner's claimed rental loss in its entirety on three grounds: (1) petitioner did not engage in her rental activity for profit within the meaning of section 183; (2) petitioner's rental expenses were not ordinary and necessary; and (3) petitioner's rental expenses *437 were not allowable as a deduction under any other provision of the Internal Revenue Code. At trial, respondent only argued that petitioner's deductible rental expenses are limited pursuant to section 280A(c)(5). We therefore deem respondent to have abandoned his other grounds for disallowing petitioner's claimed rental loss, i.e., the section 183 argument and his contention that petitioner's expenses were not ordinary and necessary. Section 280A(a) provides the general rule that no deduction is allowable "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." Subsection (c) of section 280A lists exceptions to this general rule. *438 The exception relevant to this case is contained in section 280(c)(3) which provides that "Subsection (a) shall not apply to any item which is attributable to the rental of the dwelling unit or portion thereof (determined after the application of subsection (e))." Subsection (e) requires a taxpayer who uses the dwelling unit for personal purposes during the taxable year, as a residence or otherwise, to limit his deductions to the amount determined after applying the percentage obtained by comparing the number of days the unit (or portion thereof) is rented at a fair rental to the total number of days the unit (or portion thereof) is used. Bolton v. Commissioner,77 T.C. 104 (1981), affd. 694 F.2d 556 (9th Cir. 1982). Paragraph (5) of section 280A(c) further limits the deduction authorized in case of rental use of a residence to the excess of the gross rental income over the portion of the expenses otherwise allowable (such as mortgage interest and taxes) that are attributable to the rental use. "In other words, any net rental loss cannot be offset against unrelated income." Feldman v. Commissioner,84 T.C. 1, 5 (1985), affd. *439 791 F.2d 781 (9th Cir. 1986). Under section 280A(c)(5), which is controlling here, petitioner is not entitled to a rental expense deduction for any of the amounts claimed as a deduction for depreciation, insurance, utilities, telephone, gardening, garbage, pest control, and repair and maintenance expenses because petitioner's mortgage interest expense and real estate taxes attributable to her rental use of her residence total $ 4,283.00 which exceeds petitioner's rental income from her residence of $ 1,710.00. However, the mortgage interest expense of $ 4,034.00 and real estate taxes of $ 249.00 attributable to petitioner's rental of her residence are deductible from gross income in computing petitioner's adjusted gross income. Secs. 62(5); 212; 280A(b). Petitioner contends that section 280A(d)(3) and our holding in Keenon v. Commissioner,T.C. Memo. 1982-144, entitles her to deduct her rental expenses in their entirety. Section 280A(d)(3) negates the attribution to the taxpayer of a family member's use of a dwelling unit, [4] for any period "the dwelling unit is rented, at a fair rental, to any person for use as such person's principal residence. *440 " Because petitioner did not rent her additional bedroom to a family member in 1981, section 280A(d)(3) is not applicable in this case. Our holding is Keenon v. Commissioner, supra, also does not support petitioner's argument that she may deduct her rental expenses in their entirety. In Keenon, the taxpayers resided in one dwelling unit of a two dwelling-unit building and rented the second dwelling unit to their daughter. On their income tax return, they reported the monthly rental payments received from their daughter and deducted expenses and depreciation attributable to the rental unit. Respondent disallowed the claimed rental expenses and depreciation under sections 183 and 280A.[5] The Court found that the taxpayers rented their second dwelling unit to their daughter with a bona fide profit objective and allowed them depreciation *441 and rental expense deductions. In the present case, even though petitioner's rental activity satisfies section 183 because she rented her additional bedroom with an actual and honest profit objective in 1981, petitioner may not deduct her rental loss in its entirety. Petitioner rented a portion of her residence in 1981 and is therefore subject to the restrictions of section 280A. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect in the year in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. During the trial, after listening to petitioner's testimony, respondent conceded that petitioner reported all her self-employment income for 1981. Petitioner netted her self-employment income and reported this figure on Line 20, "Other Income," Form 1040. Inasmuch as her net self-employment income is $ 385.00, petitioner is not liable for self-employment tax. Secs. 1401(a); 1402(b). ↩
3. On Schedule E attached to her 1981 income tax return, petitioner reported $ 1,710 of rental income and claimed the following deductions attributable to her rental activity: insurance -- $ 119; interest -- $ 4,034; real estate taxes -- $ 249; utilities -- $ 969; telephone -- $ 74; gardening -- $ 219; garbage -- $ 224; pest control -- $ 579; repairs and maintenance -- $ 746; depreciation -- $ 3,385. ↩
4. A dwelling unit includes a "house, apartment, condominium, mobile home, boat, or similar property, and all structures or other propoerty appurtenant to such dwelling unit," section 2800(f)(1)(A), but does not include any portion used exclusively as a "hotel, motel, inn, or similar establishment." Sec. 280A(f)(1)(B)↩. 5. After the notice of deficiency in Keenon v. Commissioner,T.C. Memo. 1982-144, was issued, the section 280A restrictions concerned allowable deductions resulting from the rental of a dwelling unit to a relative were retroactively amended by section 113(a), Pub. L. 97-119, 95 Stat. 1642. As a result, respondent did not rely upon section 280A at trial. Keenon↩ was tried under section 183 and the issue before the Court was whether the taxpayers had a profit objective in renting to their daughter.