78 F.3d 592
 77 A.F.T.R.2d 96-1004, 96-1 USTC P 50,177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce Martin DINSMORE, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70433.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided Feb. 23, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bruce M. Dinsmore appeals pro se the Tax Court's holding in favor of the Commissioner of Internal Revenue ("Commissioner") on Dinsmore's challenge to the Commissioner's deficiency determinations on his 1985 and 1986 tax returns. The Commissioner disallowed Dinsmore's Schedule C deductions for business losses in 1985 and his Schedule E deductions for rental losses in 1985 and 1986, and assessed a five percent penalty for negligence for Dinsmore's 1985 and 1986 returns. The Tax Court upheld the deficiency finding and sustained the negligence penalty. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and REMAND to the Tax Court for a determination of whether Dinsmore actually paid the mortgage interest and property taxes on the N. Seranado Street house, which would entitle him to deduct those expenses in full, and AFFIRM on all other issues.
 
 DISCUSSION
 I. STANDARDS OF REVIEW
 
 3
 The Tax Court's conclusions of law are reviewed de novo and findings of fact are reviewed for clear error. Kelley v. Commissioner, 45 F.3d 348, 350 (9th Cir.1995). The Tax Court's conclusion that an activity was not primarily engaged in for profit pursuant to I.R.C. § 183 is a factual finding, reviewed for clear error. Wolf v. Commissioner, 4 F.3d 709, 712 (9th Cir.1993). The Tax Court's conclusion that the taxpayer used a dwelling unit for personal purposes under I.R.C. § 280A(d)(2) is a finding of fact, reviewed for clear error. Christensen v. Commissioner, 786 F.2d 1382, 1383 (9th Cir.1986). A taxpayer challenging the Commissioner's assessment of a penalty under I.R.C. § 6653(a)(1) "has the burden of proving that he did what a reasonably prudent person would do under the circumstances." Wolf, 4 F.3d at 715 (quoting Skeen v. Commissioner, 864 F.2d 93, 96 (9th Cir.1989)). "The Tax Court's determination that the taxpayer failed to meet his burden of proving due care is a finding of fact, reviewed for clear error." Id.
 
 II. DINSMORE'S DEDUCTION FOR BUSINESS LOSSES
 
 4
 Although there is some evidence that Dinsmore invested in the Select Care business with a profit motive, the Tax Court's conclusion that he did not have the requisite profit motive required by 26 U.S.C. § 183 was not clearly erroneous, given Dinsmore's own testimony and the lack of substantiation of Dinsmore's investments. "The burden of proving the requisite profit motive is on the taxpayer." Wolf, 4 F.3d at 713 (quoting Skeen, 864 F.2d at 94) "Profit must be the predominant, primary or principal objective" of the taxpayer. Id. "The proper focus of the test to be applied ... is the taxpayer's subjective intent. However, objective indicia may be used to establish that intent." Skeen, 864 F.2d at 94.
 
 
 5
 Though Dinsmore contends on appeal that the Select Care distributorship was set up to provide himself with retirement income, nothing was said about this intent in the trial before the Tax Court. Rather, Dinsmore indicated on three occasions that his intent was to set up a business for his son. "The presence of personal motives in carrying on of an activity may indicate that the activity is not engaged in for profit...." 26 C.F.R. § 1.183-2(b)(9) (1995). Dinsmore's desire to benefit his son was such a motive that weighs against finding a profit motive.[1]
 
 
 6
 Other evidence, or lack thereof, supports the Tax Court's decision. Dinsmore's actual investment in the marketing venture is not well documented. Though the record contains two receipts from cashier's checks purchased by Dinsmore in Rita's name totalling $22,500, there is no proof that these funds were actually invested in the Select Care venture. The agreement with the telemarketers was signed by neither Dinsmore nor Rita, but by Rita's new husband, James Thomas. E.R. 68, 135-36. The records at E.R. 127-32, purportedly detailing the credit card charges that the Select Care operation was required to pay back, do not establish that Dinsmore was the party ultimately responsible for the charges.
 
 
 7
 Even if Dinsmore could establish his investment in the venture, his limited involvement in the business would weigh against a finding that he had a profit motive. He was not authorized to sign checks from the distributorship's checking account, and at trial he indicated that he did not require an exact accounting of withdrawals and deposits from Rita. E.R. 89-90. During the entire time that the business was operational, Dinsmore's employment was based in Alaska (E.R. 46), and he did not directly supervise the Select Care business. E.R. 49. The Tax Court's finding that Dinsmore did not have the requisite profit motive was not clearly erroneous.[2]
 
 III. DINSMORE'S DEDUCTIONS FOR RENTAL LOSSES
 
 8
 The Tax Court correctly determined that Dinsmore was not entitled to deduct expenses from the N. Seranado Street house for cleaning and maintenance, insurance, repairs, and depreciation. However, if Dinsmore can establish that he actually paid the mortgage interest and property taxes for the house, the Tax Court improperly limited the deductions for those expenses to the amount of rental income received in 1985 and 1986.
 
 
 9
 Under I.R.C. § 280A, a taxpayer uses a dwelling unit as a residence if he or she "or any member of the family" uses the unit for personal purposes for the greater of 14 days or 10% of the number of days the unit is rented at a fair rental price. 26 U.S.C.S. § 280A(d)(1), (2) (1987). "Lineal descendants" are included in the definition of "member of the family." See 26 U.S.C.S. § 267(c)(4), 280A(d)(2)(A) (1987). Because it is undisputed that Dinsmore's two children lived at the Seranado house during 1985 and 1986, the Tax Court properly held that the limitations of § 280A applied to Dinsmore.[3]
 
 
 10
 However, I.R.C. § 280A(b) provides that "Subsection (a) shall not apply to any deductions allowable to the taxpayer without regard to its connection with his trade or business (or with his income-producing activity)." 26 U.S.C.S. § 280A(b) (1987). I.R.C. § 280A(c)(5) does limit "the deductions allowed under this chapter for the taxable year by reason of being attributed to" a rental use to the difference between income from that use and deductions otherwise allowable. However, because deductions for interest payments and property tax payments are allowed by I.R.C. §§ 163 and 164 regardless of whether a rental of a property occurred, those deductions are not limited by § 280(A)(c)(5). Thus, if Dinsmore actually paid the mortgage interest and property taxes, even though the total of those two expenses exceeded the rental income in both 1985 and 1986,[4] he would be entitled to deduct both expenses in full.[5] We remand to the Tax Court for a determination of whether Dinsmore can substantiate his alleged payment of the interest and property tax expenses on the N. Seranado St. house, in which case he would be entitled to an additional $2,102 in itemized deductions for 1985 and $1,011 for 1986, the amount by which those expenses exceeded his rental income.
 
 IV. THE NEGLIGENCE PENALTY
 
 11
 The Tax Court's upholding of the Commissioner's assessment for negligence under 26 U.S.C. § 6653(a) was not clearly erroneous. Negligence under § 6653(a) is defined as "the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances." Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991). "The assessment of such a penalty is presumptively correct; the taxpayer against whom it is assessed has the burden of proving that her underpayment was not the result of negligence." Kantor v. Commissioner, 998 F.2d 1514, 1522 (9th Cir.1993). "If the taxpayer is misguided, unsophisticated in tax law, and acts in good faith, a penalty is not warranted." Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir.1988).
 
 
 12
 There was evidence to support the Tax Court's finding that Dinsmore was negligent in his preparation of Schedule C on his 1985 tax return and Schedule E on his 1985 and 1986 tax returns. Dinsmore's substantiation of the losses from his Select Care distributorship was limited; he alternatively blames the telemarketers, a fire at Rita's house, the insurance company handling the insurance claim for the fire, and his attorney's leaving the state for his lack of records. The records introduced insufficiently document Dinsmore's investment in Select Care and the venture's expenditures (E.R. 127-32), and Dinsmore relied mainly on Rita for the figures reported on his tax form. E.R. 69-70. Such negligent record keeping and preparation of tax returns supports a § 6653(a) penalty. See Lysek v. Commissioner, 583 F.2d 1088, 1094 (9th Cir.1978).
 
 
 13
 Likewise, the Tax Court's finding that Dinsmore was negligent in preparing Schedule E was not clearly erroneous. At first, Dinsmore told the I.R.S. agent who audited him that James Thomas was his only renter and that Rita had moved out of the house in 1984. Upon further discussion, Dinsmore admitted that his wife and children remained in the house. E.R. 119. On appeal, Dinsmore offers three inconsistent explanations of why he answered "No" to the question on Schedule E whether any member of his family lived at the Seranado Street property, none of which was offered to the Tax Court. He alternatively claims that his "no" answer was based on the definition of "dependent" used for personal exemptions in 26 U.S.C. § 152, that his answer was due to an erroneous interpretation of state law and a conclusion that he was legally separated from his former family unit, and that he relied on literature from H & R Block and another book on taxes in taking the deductions. Because such "implausible or inconsistent explanations of behavior," along with the "failure to maintain adequate records" constitute evidence of tax fraud, Alexander Shokai, 34 F.3d at 1487, it follows that such evidence also demonstrates negligence supporting the lesser penalty of § 6653(a). The Tax Court's finding that Dinsmore did not carry his burden of proving that he acted as a reasonably prudent person in completing Schedules C and E was not clearly erroneous.
 
 CONCLUSION
 
 14
 For the foregoing reasons, we REMAND to the Tax Court for a determination of whether Dinsmore paid the mortgage interest and property taxes for the N. Seranado Street house and AFFIRM the Tax Court on all other grounds.
 
 
 15
 Each party is to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Brown v. Commissioner, 58 T.C.M. (CCH) 850 (1989) (taxpayer's involvement in business venture "was not to make a profit, but rather to provide his step-son, who had a checkered employment history, with an opportunity to establish a business of his own"); Capodice v. Commissioner, 56 T.C.M. (CCH) 829 (1988) (property not held for purpose of making a profit, but for "parental objective of aiding and assisting their son John in the latter's business")
 
 
 [2]
 Dinsmore suggests that if the losses are not allowed as business deductions, "the same losses are fraud losses that are to be given tax credits for these returns." Gray Br. at 19. While I.R.C. § 165, allows a taxpayer to deduct "losses of property not connected with a trade or business, if such losses arise from ... theft," this theory was not argued before the district court, and "the Court of Appeals lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding...." Commissioner v. McCoy, 484 U.S. 3, 6 (1987). While an exception to this general rule could be made if the issue were one of law, Grauvogel v. Commissioner, 768 F.2d 1087, 1090 (9th Cir.1985), finding that Dinsmore was entitled to a theft loss deduction would require significant factual inquiries
 
 
 [3]
 The record does not support Dinsmore's contention that he rented only a portion of the Seranado property to James Thomas that was not occupied by Dinsmore's children. The lease agreement only indicates that James was renting 481 N. Seranado St.--it does not indicate that he was renting only a portion of the property. Moreover, § 280A(f)(1)(A) defines dwelling unit as a "house," not a portion of a house. See Burkhart v. Commissioner, 57 T.C.M. (CCH) 1251 (1989) (studio and darkroom in basement included in "dwelling unit" with the balance of the house); Stewart v. Commissioner, 54 T.C.M. (CCH) 358 (1987) (single room rented in three bedroom house included in "dwelling unit" with the remainder of the house)
 insmore is not aided by § 280A(d)(3), which states that a "taxpayer shall not be treated as using a dwelling unit for personal purposes by reason of a rental arrangement ... [by which the] unit is rented, at a fair rental, to any person for use as such person's principal residence." 26 U.S.C.S. § 280A(d)(3) (1987). Dinsmore presented no evidence about the fair rental price of the house, and it is unlikely that $950 a month would be a fair rental price.
 
 
 [4]
 In 1985, mortgage interest expenses were $12,323 and property taxes were $1,179 compared to $11,400 in rental income. In 1986, mortgage interest totalled $6,119, property taxes amounted to $592, and rental income totalled $5,700
 
 
 [5]
 See, e.g., Stewart, 54 T.C.M. (CCH) 358 (in unit used for personal purposes, taxpayer entitled to deduct $4,283 in mortgage and tax expenses, even though rental income was only $1,710); Christensen v. Commissioner, 47 T.C.M. (CCH) 1558 (1984) ("[S]election 280A does not affect the deduction of items, such as interest and taxes, which are allowed by other Code sections without regard to their connection with the taxpayer's business or income-producing activity."), aff'd in relevant part and rev'd in part, 786 F.2d 1382 (9th Cir.1986); Bolton v. Commissioner, 77 T.C. 104 (1981) (taxpayer who used dwelling unit for personal purposes allowed to deduct $2,854 for interest and $621 for taxes, despite rental income of only $2,700), aff'd 694 F.2d 556 (9th Cir.1982)