T.C. Summary Opinion 2001-79


UNITED STATES TAX COURT


JAMES D. FOX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13515-99S.                    Filed June 5, 2001.


James D. Fox, pro se.

<u>Joseph J. Boylan</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax for 1996 of $10,351; and additions to tax under section 6651(a)(1) of $1,571.85, under section 6651(a)(2) of $698.60, and under section 6654 of $356.05.

The parties agree that petitioner's income tax deficiency, without taking into account respondent's assessment of tax subsequent to the mailing of the notice of deficiency on May 18, 1999, is $6,110, that respondent made an assessment of income tax on May 29, 2000, of $2,599, and that petitioner's income tax deficiency to be assessed is $3,511. The parties also agree that there is no addition to tax due from the petitioner under the provisions of section 6654.

The issues for decision are whether petitioner filed his Federal income tax return timely and timely paid his income tax due for 1996.

## Background

Some of the facts have been stipulated and are so found, and the accompanying exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Princeton, New Jersey.

In his petition, with respect to his 1996 Federal income tax return, petitioner alleges that "extension was file [sic] including $200 check, return was sent before 8/96". In his trial memorandum, petitioner alleges that he "filed a timely [1996]

return on or about July 15, 1996", requesting that the "calculated credit, less than $100, be applied to subsequent years."  At trial, after the premature date was questioned by respondent's counsel, petitioner argued that his trial memorandum should have alleged that his 1996 return was filed on July 15, 1997.  He did not explain the premature date alleged in his petition.

In the stipulation of facts, petitioner agrees that "Petitioner filed his U.S. Individual Income Tax Return for the taxable year 1996 on April 28, 2000, the date it was received by respondent's Appeals Division."  The exhibit attached to the stipulation as a copy of petitioner's 1996 return indicates that petitioner is due a refund of $666.  There is no indication on the stipulated return copy that any amount is to be credited to future tax years.

Respondent introduced a certified copy of a transcript in petitioner's name for tax year 1996.  The certified copy of the transcript indicates that as claimed in the petition, petitioner filed for an extension of time to file on April 15, 1997, accompanied by a payment of $100.  The transcript also indicates "no return filed substitute for return" entered on October 19, 1998, and that petitioner failed to file a return until April 28, 2000.

Petitioner argues that he mailed his return before the extended filing date, albeit without requesting a return receipt. Despite petitioner's argument, the evidence in the record weighs against him.  Petitioner did not explain why the stipulated copy of his 1996 return shows that he is due a refund of $666 when he alleged that his timely 1996 return "calculated credit, less than $100, [to] be applied to subsequent years."  Although he argues that he filed his request for extension of time to file with a $200 payment, respondent's records indicate that the request for an extension was filed, but with a $100 payment.

Aside from the above factual discrepancies, petitioner failed to explain at trial why he stipulated that he "filed his U.S. Individual Income Tax Return for the taxable year 1996 on April 28, 2000, the date it was received by respondent's Appeals Division."  Respondent's transcript of account indicates all of the contacts petitioner alleges he had with the Internal Revenue Service for his 1996 tax year, except for the filing of a Federal income tax return before April 28, 2000.

It is the duty of the Court to listen to testimony, observe the demeanor of witnesses, weigh the evidence, and determine what to believe.  The Court is not required to accept testimony at face value, and the Court may discount a party's self-interested testimony and place reliance on other evidence which is believed to be more reliable.  See Christensen v. Commissioner, 786 F.2d

1382, 1383-1384 (9th Cir. 1986), affg. in part and remanding in part T.C. Memo. 1984-197; Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992); Duralia v. Commissioner, T.C. Memo. 1994-269.

The Court finds that petitioner failed to file timely a Federal income tax return for the year 1996.

In addition to the argument that he in fact timely filed his return, petitioner makes several spurious arguments. He takes the position that he should not be subject to the additions to tax for not filing timely because: (1) He cannot get a fair trial in the Tax Court because the Judges are paid from tax revenues and are therefore biased; (2) there is waste and mismanagement in the Internal Revenue Service and the Government at large; (3) Mark Rich received a Presidential pardon; and (4) American corporations pay presently a smaller share of the total tax burden than in years past.

Section 6651(a)(1) imposes an addition to tax for failure to file timely a Federal income tax return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. See, United States v. Boyle, 469 U.S. 241, 245 (1985). To prove "reasonable cause", a taxpayer must show that he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Congress has specifically charged the Tax Court with the duty to decide certain income tax matters. See sec. 7442. Petitioner, knowing that the Judges of the Court are compensated by the Federal Government, chose to avail himself of the opportunity to file a petition with the Court. See sec. 6213. Petitioner has offered only his bald assertion that, but no explanation of why, compensation of judges by the Federal Government financed, in part, by tax revenues[1] creates a bias requiring Federal judges to recuse themselves from tax cases. There is no such bias requiring Federal judges to recuse themselves in all cases relating to the collection of tax revenues. See United States v. Bell, 80 AFTR 2d 97-6455 (E.D. Cal. 1997).

Petitioner's other arguments fall into the category of "because I think someone else is getting away with something, I should, too." None of the specious arguments cited by petitioner, even if true, show that he exercised ordinary business care and prudence and was nevertheless unable to file his return within the prescribed time.

The Court finds that petitioner, without reasonable cause, failed to timely file a Federal income tax return for 1996 and

---

[1]The Federal Government receives, in addition to taxes, funds from items such as customs duties, civil and criminal fines and penalties, fees, interest, proceeds from the lease and sale of Government property, amounts recovered due to legal actions, and borrowed funds.

holds that he is liable for the addition to tax determined by respondent under section 6651(a)(1).

Respondent determined in the notice of deficiency that under section 6651(a)(2) petitioner failed to pay timely the amount shown as tax on a Federal income tax return for 1996. We have found that petitioner did not file a Federal income tax return for 1996 until after the notice of deficiency was issued, and there is no evidence that respondent prepared for petitioner a return under the authority of section 6020(b). See sec. 6651(g); sec. 301.6651-1(g), Proced. & Admin. Regs. Because no return for petitioner was filed, the addition to tax under section 6651(a)(2) does not apply. See Johnson v. Commissioner, T.C. Memo. 1983-398; see also, e.g., Estate of Hinz v. Commissioner, T.C. Memo. 2000-6. Petitioner is not liable for the addition to tax under section 6651(a)(2).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.