105 F.3d 666
 79 A.F.T.R.2d 97-581, 97-1 USTC P 50,160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen G. OPPERWALL, Kathleen O. Opperwall, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 95-70729.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Jan. 7, 1997.
 
 Before: RONEY,* BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen G. Opperwall and Kathleen O. Opperwall appeal the tax court's order finding deficiencies in income tax and additions to tax due for taxable years 1991 and 1992. The Opperwalls contend that the tax court erred by: (1) holding that the passive activity rules of I.R.C. § 469 precluded Stephen from deducting the full amount of real estate rental losses for 1991; (2) imposing an addition to tax for negligence and disregard of rules under I.R.C. § 6662; (3) allowing only a portion of Stephen's claimed business expenses deductions in 1992; (4) refusing to admit certain evidence; and (5) refusing to continue the trial and severing Stephen and Kathleen's trials. The Opperwalls ask this court to order a new trial before a different judge. The tax court had jurisdiction pursuant to I.R.C. §§ 7442 and 6213 and we have jurisdiction pursuant to I.R.C. § 7482(a). We affirm.
 
 
 3
 * We review decisions of the United States Tax Court on the same basis as decisions in civil bench trials in United States District Court. Condor International, Inc. v. Commissioner, 78 F.3d 1355, 1358 (9th Cir.1996). Thus, we review the tax court's conclusions of law de novo and factual findings for clear error. Id. The determination that a taxpayer has failed to produce sufficient evidence to support a deduction is a finding of fact reviewed for clear error. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991). We review the tax court's finding of negligence for clear error. Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir.1996).
 
 II
 
 4
 We affirm the tax court's holding precluding Stephen Opperwall's deduction of full real estate rental losses for 1991. Section 469 of the Internal Revenue Code prohibits the deduction of "passive activity" losses, including losses from rental activity. §§ 469(a)(1), 469(c)(2). Section 469(i) establishes an exception for passive activity losses from real estate rentals in which the taxpayer actively participated. A deduction of up to $25,000, less 50 percent of the taxpayer's adjusted gross income exceeding $100,000, is permitted. § 469(i)(3)(a). Stephen Opperwall claimed a $14,725 loss from renting a house he was attempting to sell. His adjusted gross income was $131,850. The tax court correctly limited Opperwall's deduction to $9,075 pursuant to § 469(i).[1]
 
 
 5
 Opperwall's argument that his spouse's income should not be included in his adjusted gross income, thus lowering it below $100,000 and permitting a deduction of his full real estate rental losses, is meritless. Spouses filing a joint return are treated as one taxpayer for purposes of § 469. Temp.Treas.Reg. § 1.469-1T(j)(1).
 
 
 6
 Opperwall also argues, unpersuasively, that the holding of Bolaris v. Commissioner allows him to deduct his full rental losses. 776 F.2d 1428 (9th Cir.1985). We held in Bolaris that taxpayers who have the requisite profit motive in renting their old personal residences after attempting to sell them are entitled to depreciation deductions. Id. at 1433-34. The tax court reduced Opperwall's rental loss deduction because of the limits set by § 469, not because he lacked profit motive. We decided Bolaris before Congress enacted § 469. Bolaris thus does not interpret the § 469 restrictions on passive activity losses.
 
 III
 
 7
 We affirm the tax court's imposition of additions to Stephen Opperwall's 1991 tax pursuant to I.R.C. §§ 6662(a), 6662(b)(1). These sections provide for an addition to tax of 20 percent of the amount of underpayment attributable to negligence or disregard of rules or regulations. §§ 6662(a), (b)(1).
 
 
 8
 The tax court imposed this addition to tax for Opperwall's negligence in underpaying the tax attributable to the unallowable real estate rental loss. Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of this title." § 6662(c). The tax court found unreliable Opperwall's claim that he was unaware of § 469 passive activity rules. The court based this determination on the fact that Opperwall was an attorney and the court's general negative assessment of Opperwall's credibility. The tax court also rejected Opperwall's defense of "good faith" reliance. Opperwall did not produce evidence, aside from his own testimony, establishing that he received tax advice concerning the applicability of the Bolaris case or § 469 to his real estate rental losses. Thus, the tax court's finding of negligence was not clearly erroneous.
 
 IV
 
 9
 We affirm the tax court's reduction of Stephen Opperwall's claimed business expense deductions for 1992. The tax court (1) denied a deduction and an offset against income for cost advances to clients, (2) denied a deduction for capital expenditures and (3) allowed an overall deduction for 75 percent of expenses not expressly found nondeductible.
 
 
 10
 First, Opperwall's reimbursable cost advances cannot be used to reduce gross income. Opperwall failed to introduce evidence that his reported gross income included reimbursements for the cost advances. Thus, the tax court's finding that Opperwall did not include reimbursements in his gross income was not clearly erroneous.
 
 
 11
 The tax court also properly denied a deduction for the cost advances. An attorney's reimbursable costs are not deductible. Canelo v. Commissioner, 447 F.2d 484, 485 (9th Cir.1971) (per curiam). An attorney's payment of costs and charges in connection with its client's litigation are only deductible when "there is no obligation on the part of the client to repay the money expended." Boccardo v. Commissioner, 56 F.3d 1016, 1018 (9th Cir.1995) (holding that costs paid by attorney on behalf of clients in a gross fee contract are deductible). At trial and in his appellate brief, however, Opperwall maintained that (a) the costs were reimbursable, (b) such costs were included in his billing statements to clients, and (3) that clients often paid these bills within one month of receipt. Opperwall did not produce evidence that clients had no obligation to repay the money expended on their behalf. The tax court did not commit clear error when it found that Opperwall did not produce sufficient evidence to support a cost advance deduction.
 
 
 12
 Second, Opperwall is not entitled to business expense deductions for purchases of a computer, a printer, a facsimile machine and a filing cabinet. Capital expenditures cannot be expensed unless an election is made pursuant to § 179. I.R.C. §§ 162, 179. The tax court found that Opperwall failed to make the § 179 election based on Opperwall's trial testimony that he was not aware of the requirement to make an election.
 
 
 13
 The tax court also did not commit clear error when it found that the amount of depreciation deductions for these assets could not be clearly ascertained. Opperwall submitted no reliable evidence establishing the amount of depreciation deduction to which he could be entitled. Further, in computing the overall allowable deduction for business expenses, the tax court included its estimation of the depreciation deduction.
 
 
 14
 Third, the tax court did not err in granting Opperwall an overall business expense deduction of 75 percent of his claimed business expenses that were not otherwise disallowed. The taxpayer bears the burden of proving entitlement to a particular deduction. Norgaard, 939 F.2d at 877. Under the Cohan rule, the tax court may make a reasonable estimate of the allowable deduction, "bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." Id. at 879 (quoting Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir.1930)). Opperwall's evidence did not include any receipts for expenses claimed as deductions. He submitted a computer-generated report listing his expenses, but the tax court did not find the report reliable. The tax court reasonably found that Opperwall did contract some expenses related to his business and thus allowed 75 percent of Opperwall's claimed deductions.
 
 V
 
 15
 The tax court did not abuse its discretion in excluding Stephen Opperwall's letters to the IRS and a memo transcribing a voice mail message from an IRS attorney. See Masson v. New Yorker Magazine, Inc. 85 F.3d 1394, 1399 (9th Cir.1996) (evidentiary rulings are reviewed for an abuse of discretion). These documents only established (1) Opperwall's position concerning the deficiencies and (2) that Opperwall considered all issues resolved. Thus, the tax court easily could have determined that the probative value of such evidence was negligible.
 
 
 16
 Because the tax court correctly reduced Opperwall's real estate rental losses in accordance with § 469, we need not determine if the tax court abused its discretion in failing to admit evidence relating to Opperwall's full deduction of rental real estate losses.
 
 VI
 
 17
 We affirm the tax court's denial of a trial continuance. We will not overturn a denial of a continuance without a showing of clear abuse. Woods v. Saturn Distribution Corp., 78 F.3d 424, 427 (9th Cir.1996). Opperwall alleges that a continuance should have been granted because the IRS misled him into believing a settlement had been reached. His letters to the tax court requesting a continuance, however did not communicate his belief that a settlement had been reached. Instead, they merely indicated that a settlement might be possible. The tax court's refusal to grant a continuance thus was well within its discretion.
 
 
 18
 We also affirm the severance of the trials of Stephen Opperwall and Kathleen Opperwall. We will set aside a severance order only for an abuse of discretion. Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir.), cert. denied, 502 U.S. 899 (1991). The Opperwalls only argument against severance was that it was "poor judicial economy" to separate their trials. This decision was within the discretion of the trial court.
 
 VII
 
 19
 The question of whether we should order a new trial before a different judge is moot because Special Trial Judge Robert Armen, Jr. has recused himself from further proceedings. Further, we do not order a new trial for Stephen Opperwall because we affirm the tax court on every issue.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The tax court did not roll over the disallowed portion of the passive activity losses for 1991 to 1992 as permitted under I.R.C. § 469(g)(1). Whether the amount disallowed in 1991 could have been rolled over to 1992 requires a factual inquiry into the substantiation of the loss. The tax court found it unnecessary to reach the substantiation inquiry because it did not allow the full amount in 1991
 Because Opperwall failed to raise the § 469(g) issue during the tax court trial and in his Rule 155 computation, we do not reach this issue. We do not consider an issue raised for the first time on appeal unless (1) the issue presented is purely one of law and the factual record has been fully developed, (2) review is necessary to prevent a miscarriage of justice, or (3) a new issue arises because of a change in the law. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). None of these exceptions apply here.
 Our refusal to consider the roll over issue in regard to Stephen Opperwall's case, however, should not be used as res judicata to preclude the tax court from allowing the roll over of the loss, if it is an issue and if it can be substantiated, in Kathleen Opperwall's trial.