T.C. Memo. 2020-147

UNITED STATES TAX COURT

RAM RATAN SHARMA AND SHAKUNTALA SHARMA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19466-17.                           Filed October 29, 2020.

Ram Ratan Sharma and Shakuntala Sharma, pro sese.

<u>Mayer Y. Silber</u>, <u>Elizabeth A. Carlson</u>, and <u>Stanislaw Balazia</u>, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Respondent determined a deficiency in petitioners' 2014

Federal income tax of $5,230 and a section 6662(a)[1] accuracy-related penalty of

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended, and all Rule references are to the Tax Court
(continued...)

[*2] $1,046.  Respondent now concedes that petitioners are not liable for the section 6662(a) penalty, and the only issue remaining for decision is what portion of petitioners' loss deduction from rental real estate activities claimed on Schedule E, Supplemental Income and Loss, is disallowed under the section 469(a) and (i) limitations on the deductibility of passive activity losses.

FINDINGS OF FACT

Some of the facts have been deemed stipulated and are so found.  The stipulation of facts and its exhibits are incorporated herein by this reference.  Petitioners resided in Illinois when they filed their petition.

Petitioners filed a joint Federal income tax return for their 2014 taxable year.  On the basis of items of income and loss reported on their return, petitioners reported their adjusted gross income (AGI) as $122,948.  That figure included the following income items, among others:  taxable individual retirement account (IRA) distributions of $5,579; taxable pension and annuity distributions of $103,443; and total Social Security benefits of $13,828, the taxable portion of which petitioners reported as $11,754.  At trial, however, the parties stipulated that petitioners actually received total Social Security benefits of only $13,328.

---

[1](...continued)
Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

**[*3]** Additionally, in calculating their 2014 AGI petitioners did not claim any deduction for contributing money to an IRA or other retirement plan. They did, however, deduct a loss of $26,877 from rental real estate activities detailed on Schedule E, which they attached to their return. Separate from their return, petitioners also submitted to respondent a Form 8582, Passive Activity Loss Limitations, on which they reported that they were permitted to claim the full amount of their $26,877 Schedule E loss for 2014.

Respondent subsequently issued a notice of deficiency to petitioners in which he disallowed $20,913 of their claimed $26,877 Schedule E loss deduction, resulting in a deficiency in tax of $5,230. Respondent also determined the now-conceded accuracy-related penalty of $1,046 against petitioners under section 6662(a). Petitioners timely filed a petition for redetermination.

OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect.[2] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the burden of showing entitlement to a claimed deduction is on the taxpayer. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

[2]Petitioners have not claimed or shown entitlement to any shift in the burden of proof pursuant to sec. 7491(a).

[*4]   Taxpayers may claim deductions for certain business and investment expenses under sections 162 and 212.  However, any deduction for a "passive activity loss" for a taxable year is disallowed, and the disallowed loss is carried forward to the next taxable year.  See sec. 469(a) and (b).  A passive activity loss is the amount by which the aggregate losses from all passive activities for the taxable year exceed the aggregate income from all passive activities for such year.  Sec. 469(d)(1).  A "passive activity" is any activity which involves the conduct of any trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).

Rental activities are generally treated as per se passive activities regardless of whether the taxpayer materially participates.  Sec. 469(c)(2), (4).  There are, however, two significant exceptions to this general rule.  First, it does not apply to rental activities of taxpayers engaged in certain real property trades or businesses; such activities are instead subject to the material participation requirements of section 469(c)(1).  See sec. 469(c)(7).  Second, section 469(i) provides an exemption permitting individuals who actively participate in rental real estate activities to deduct up to $25,000 in annual losses from such rental activities.  Sec. 469(i)(1) and (2).

**[\*5]**   The $25,000 maximum exemption is subject to a phaseout that reduces the exemption by 50% of the amount by which a taxpayer's "modified adjusted gross income" (MAGI) for the taxable year exceeds $100,000.  See sec. 469(i)(3)(A), (F).[3]  Consequently, if a taxpayer's MAGI is $150,000 or more, the section 469(i) exemption is fully phased out.  Spouses who have filed a joint return are treated as a single taxpayer for purposes of the MAGI calculation, and both spouses' income therefore must be taken into account in calculating their MAGI.  Opperwall v. Commissioner, 105 F.3d 666, 1997 WL 8473, at \*1 (9th Cir. 1997) (unpublished table decision); sec. 1.469-1T(j)(1), Temporary Income Tax Regs., 53 Fed. Reg. 5711 (Feb. 25, 1988).

Petitioners do not contend, nor does the record suggest, that they qualify to deduct their Schedule E loss under the section 469(c)(7) exception for taxpayers engaged in a real property trade or business.  They nevertheless argue, evidently relying on the section 469(i) exemption, that respondent was incorrect to disallow any portion of their claimed $26,877 loss deduction.[4]  While respondent concedes

---

[3]The calculation of MAGI is discussed infra pp. 6-7.

[4]Petitioners challenge respondent's deficiency determination only on the ground that he incorrectly calculated their MAGI, indicating that they believe their loss deduction is allowable under sec. 469(i).  Of course, sec. 469(i)(2) would limit the allowable portion of petitioners' loss for the year at issue to $25,000 even if their MAGI was beneath the phaseout threshold.  We thus understand petitioners'

(continued...)

**[*6]** that petitioners are entitled to deduct a portion of that loss under section 469(i), he contends that the allowable portion is limited to $5,964 on the basis of their section 469(i) MAGI for 2014.

By respondent's calculation, petitioners' MAGI is $138,072. That figure exceeds $100,000 by $38,072, and 50% of $38,072 is $19,036. Therefore, under the section 469(i) phaseout, the maximum passive activity loss petitioners could deduct on the basis of respondent's MAGI calculation would be $25,000 minus $19,036, or $5,964. The remaining $20,913 of petitioners' claimed Schedule E loss deduction would be disallowed for 2014 as respondent determined in the notice of deficiency.

Respondent argues that his MAGI calculation is supported by section 469(i)(3)(F), which provides that for purposes of the section 469(i) exemption, "adjusted gross income shall be determined without regard to" the following items: (1) the taxable portion of Social Security benefits that would be included in gross income under section 86; (2) the exclusion from gross income of amounts received upon redeeming U.S. savings bonds in the circumstances described in section 135; (3) the exclusion from gross income of adoption assistance payments in the

---

[4](...continued)
argument to be that, for 2014, sec. 469(i) allows them to deduct $25,000 of their claimed Schedule E loss.

[*7] circumstances described in section 137; (4) the section 199 deduction for income attributable to domestic production activities; (5) the section 219 deduction for qualified contributions to a retirement plan; (6) the section 221 deduction for education loan interest payments; (7) the section 222 deduction for qualified tuition expenses; and (8) any passive activity loss (including any passive activity loss allowable under the section 469(c)(7) exception for taxpayers engaged in a real estate trade or business).

In respondent's view this list of modifications requires only two adjustments to the AGI reported on petitioners' return in order to arrive at their section 469(i) MAGI. First, he says that petitioners' AGI, which they reported as $122,948, must be reduced by the $11,753 that petitioners reported as the taxable portion of their Social Security benefits for the year at issue. Second, he says that petitioners' AGI must be increased by the $26,877 passive rental real estate loss that they reported on Schedule E. Consequently, according to respondent, the correct calculation of petitioners' MAGI is: $122,948 – $11,754 + $26,877 = $138,071.

Petitioners take no issue with either of the adjustments included in respondent's MAGI calculation. However, petitioners contend that the $138,071 figure that respondent calculated must be further reduced by $5,579 of IRA

[*8] distributions and $100,625 of distributions from pensions and annuities[5] that petitioners received for 2014. These additional adjustments would result in a MAGI of $31,867, and the section 469(i) phaseout would no longer apply.

In support of their calculation petitioners cite the instructions for Form 8582.[6] The instructions direct taxpayers to calculate their MAGI in the same manner as their AGI but without taking into account (among other items) "[d]eductible contributions to traditional individual retirement accounts (IRAs) and section 501(c)(18) pension plans". 2014 Instructions for Form 8582, at 10.

We cannot agree with petitioners' argument that the Form 8582 instructions direct taxpayers to exclude IRA and pension income from the section 469(i) MAGI

---

[5]On their return petitioners reported $103,443 of distributions from pensions and annuities. Petitioners do not explain why the figure they use in their calculation is less than the amount reported on their return, but the difference is immaterial. Subtracting either amount would sufficiently reduce petitioners' MAGI that they would not be subject to the phaseout.

[6]Petitioners attached to their pretrial memorandum a copy of the relevant portion of the Form 8582 instructions issued for the 2016 taxable year. We will take judicial notice of the contents of the Form 8582 instructions issued for 2016, as well as those issued for 2014, which is the year at issue. See, e.g., Recklitis v. Commissioner, 91 T.C. 874, 911 (1988) (taking judicial notice of 1974 and 1975 Forms W-4E, Exemption From Withholding, and related instructions); Wadsworth v. Commissioner, T.C. Memo. 2007-46, 2007 WL 610069, at *10 ("This Court routinely takes judicial notice of the contents of the Commissioner's official publications[.]"). The relevant portion of the 2014 instructions is identical to the corresponding portion of the 2016 instructions that forms the basis of petitioners' argument.

[*9] calculation.  The instructions address only situations in which a taxpayer has contributed to a retirement plan during the taxable year.  Petitioners did not report on their return, and do not contend that they made, any payment to an IRA or other retirement plan in 2014.  Instead, they reported that they received distributions from an IRA and other retirement plans during that year.  The portion of the Form 8582 instructions on which petitioners rely does not in any way suggest that money received from a retirement plan during the taxable year should be subtracted when calculating MAGI.

Indeed, the relevant portion of the instructions corresponds to section 469(i)(3)(F)(iii), which provides that a taxpayer's MAGI is calculated without regard to "the amount[] allowable as a deduction under section[] * * * 219".  Section 219 allows taxpayers to deduct their "qualified retirement contributions" for a taxable year, including "any amount paid in cash for the taxable year by or on behalf of an individual to an individual retirement plan for such individual's benefit" and "any amount contributed on behalf of an individual to a plan described in section 501(c)(18)."  Sec. 219(a), (e).  The amount allowable as a deduction under section 219 is subtracted from gross income when calculating AGI.  Sec. 62(a)(7).  Since section 469(i)(3)(F)(iii) directs that MAGI for purposes of section 469(i) must be calculated without regard to any otherwise allowable

[*10] section 219 deduction, the effect of that provision would be to <u>increase</u>, not decrease, petitioners' MAGI if they had made any retirement contributions for 2014. But here, as we have noted, petitioners did not contribute any money to a retirement plan for 2014, and section 469(i)(3)(F)(iii) therefore does not affect the calculation of their MAGI.

Accordingly, respondent's MAGI calculation correctly included the full amount of the IRA and other retirement distributions that petitioners received for 2014. Because respondent concedes that petitioners are not liable for the section 6662(a) penalty determined in the notice of deficiency, the only matter still to be addressed is the effect of the parties' stipulation at trial that petitioners overreported the total amount of Social Security benefits they received for 2014. We expect that the parties will account for the $13,328 that they agree petitioners actually received, and the portion thereof that is taxable under section 86, in their Rule 155 computations. To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.